LESLIE HAYDEN RAY, JR.

*v.*

DR. DAVID SCHEIBERT.

450 S.W.2d 578.

(*Nashville,* December Term, 1969.)

Opinion filed December 8, 1969.

ALFRED ADAMS, JR., Nashville, for plaintiff in error.

WILLIAM J. HARBISON, Nashville, for defendant in error.

MR. JUSTICE McCANLESS delivered the opinion of the Court.

The only issue in this case is whether, under the allegations of the declaration as amended, the defense of the statute of limitations of one year, sec. 28-304, Tennessee Code Annotated, applicable to actions for personal injuries, can be successfully invoked. The Circuit Court sustained the demurrers by which the defendant pled this statute, and the plaintiff has perfected his appeal in the nature of a writ of error.

The plaintiff has filed an assignment of error consisting of two parts by which he insists that the Circuit Court erred in sustaining the demurrer: (a) because the defendant who owed the plaintiff the duty of a full disclosure fraudulently concealed the cause of action from him the statute of limitations did not begin to run until the cause of action was discovered by the plaintiff, and (b) because the defendant was guilty of a continuing

battery against the plaintiff by virtue of the continuing professional relationship between the parties.

The plaintiff charged that during the latter part of 1964 he began to notice a tingling and numbness in his extremities and lower back; that in July, 1965, he consulted the defendant who advised him that he might have an arthritic spur; that he went to the hospital in August, 1965, when various myelograms were performed which the defendant advised him showed an arthritic spur; that the defendant told him that surgery was necessary for its treatment though the situation might recur and a fusion become necessary but that he would be back in his job with the school system within the month of August; that no mention was made of the risk of any damage to the spinal cord that might result from the operation.

The plaintiff further alleged that the defendant operated on him under local anesthesia and during the surgery he "experienced an extreme shock that felt like a large voltage of electricity" which caused intense pain; that he immediately told the defendant what he had felt and the defendant said that he, the defendant "was working in a very close place"; that a paralysis has occurred since the operation which the defendant explained by telling the plaintiff that it "was occasioned by the fact that the plaintiff had a very muscular back and that the muscles had contracted on his spinal cord producing the paralysis"; that he made his last visit to the defendant in February, 1967, and in July, 1967, he was examined at the Mayo Clinic where he was told that he had sustained a partially severed or damaged spinal cord and that the muscles cannot impair the functions of the spinal cord.

■ Section 28-304, Tennessee Code Annotated, is applicable to injuries to the person, *Bodne v. Austin*, 156 Tenn. 353, 2 S.W.2d 100, 62 A.L.R. 1410 (1928); but the running of the statute is tolled when the defendant fraudulently conceals the cause of action from the plaintiff, *Albert v. Sherman*, 167 Tenn. 133, 67 S.W.2d 140 (1934). Since more than one year elapsed after the surgery and before the action was commenced the determinative question is whether the plaintiff has alleged a fraudulent concealment of the cause of action that has tolled the running of the statute so that the defense of the statute of limitations is not available to the defendant.

The plaintiff has charged the defendant with the concealment from him of his cause of action by the following allegations:

"Dr. Scheibert told the plaintiff that the paralysis was occasioned by the fact that the plaintiff has a very muscular back and that the muscles had contracted on his spinal cord producing the paralysis. Dr. Scheibert continued to offer this same explanation for the plaintiff's paralysis on subsequent visits, including plaintiff's last visit in February, 1967. During all of the time since the date of surgery, Dr. Scheibert continued to represent to plaintiff that his trouble was caused by an extremely muscular back which had impaired the spinal cord."

\* \* \* \* \* \*

"During all of this time, however, he continued to rely on the explanation of his paralysis given him by his own doctor, Dr. Scheibert, the surgeon who had performed the operation."

\* \* \* \* \* \*

"* * * Dr. Scheibert's continued explanation of his paralysis as a result of his muscles merely served to conceal from him the true nature of his terrible injuries and, of course, to conceal the remedies to which he is advised that he is entitled."

\* \* \* \* \* \*

"Subsequent to the operation, plaintiff avers that Dr. Scheibert concealed from him the true nature of his injury and therefore any cause of action based upon that injury by erroneously informing him during the entire time he was under Dr. Scheibert's care that his difficulties resulted from the contraction with his muscular back."

\* \* \* \* \* \*

"The professional relationship between the plaintiff and the defendant continued uninterrupted from July 1965 until February 1967. Following the surgery herein described, plaintiff inquired repeatedly of the defendant as to the cause of his persistent and severe disability, and each time was assured by the defendant that his difficulty was caused by the muscular condition of his back, a condition which the plaintiff believed would correct itself when his muscles became relaxed with reduced activity and the passage of time, and which he believed was not a serious or permanent condition. Plaintiff believes and therefore alleges that the defendant made such representations recklessly without a medical basis for making same. Such representations were untrue, however the same were relied upon by the plaintiff who did not know them to be untrue and who was unaware of the true nature of his serious injury until after February 1967 when he terminated the professional relationship between himself and the

defendant and was admitted to Mayo Clinic in July 1967, as hereinafter described.''

■■ We are of opinion that the foregoing excerpts from the declaration adequately charge fraudulent concealment. Mr. Justice Chambliss speaking for the Court in *Hudson v. Shoulders,* 164 Tenn. 70, 45 S.W.2d 1072 (1931), said that in order for the statute of limitations to be tolled by a fraudulent concealment there must be an allegation that the cause of action was known to the defendant and fraudulently concealed by him and that the running of the statute would not be prevented by mere ignorance of the plaintiff and his failure to discover the existence of the cause of action within the statutory limitation would not prevent its running and that if the plaintiff either knew or neglectfully failed to discover the cause of action the statute would not be tolled. In this case, however, the plaintiff relied on the professional competence and advice of the defendant with respect to the cause and nature of his condition—a condition about which he as a non-medical person could expect to know nothing and about which he had the right to depend on the defendant for advice and for a full disclosure of the facts. The allegations charged the defendant with fraudulent concealment of the plaintiff's cause of action which, if proved, will toll the statute. The implication is that the defendant had actual knowledge of this commission of the tort.

"It is not necessary that facts charged in a bill as constituting fraud should be so characterized. It is enough if the allegations state facts which constitute fraud; * * *." *Shepherd v. Shepherd,* 59 Tenn. 275, 281 (1873).

We sustain so much of the assignment of error as relates to fraudulent concealment and reverse and remand the case. The costs are adjudged against the defendant.

## On Petition To Rehear

The defendant has filed a petition to rehear suggesting that by our rejection of the plaintiff's charge of a continuing battery we have eliminated the charge of a battery. This was not our intention for we believe that the declaration does charge the commission of a battery by the defendant upon the plaintiff; that the plaintiff did not effectively consent—therefore, did not consent at all —to the operation which the defendant performed and that the defendant then fraudulently concealed from the plaintiff his cause of action until the period of limitation had run. The plaintiff must prove these things before he can recover a judgment in this suit.

Fraudulent concealment will toll the running of the statute of limitation in a suit for battery as in *Hall v. De Saussure,* 41 Tenn.App. 572, 297 S.W.2d 81.

With this explanation we overrule the defendant's petition to rehear.