Charles E. HARVEY, Plaintiff-Appellant,

v.

Rogers T. MARTIN and American Postal Workers Union, Defendants-Appellees.

No. 82–5364.

United States Court of Appeals, Sixth Circuit.

Argued June 22, 1983.

Decided Aug. 12, 1983.

Patrick D. O'Rourke (argued) Nashville, Tenn., for plaintiff-appellant.

Joe B. Brown, U.S. Atty., John Philip Williams, Asst. U.S. Atty. (argued), Nashville Tenn., for Rogers Martin.

Robert L. Dozier, Nashville, Tenn., Arthur M. Luby, O'Donnell & Schwartz, Washington, D.C., for American Postal.

Before CONTIE, Circuit Judge, and PHILLIPS and CELEBREZZE, Senior Circuit Judges.

PER CURIAM.

This is an action by Charles E. Harvey, a postal employee, against the Postal Workers Labor Union and a union official for alleged wrongful inducement to breach an employment contract. Chief District Judge L. Clure Morton dismissed the action as barred by the applicable Tennessee statutes of limitations. Harvey appeals. We affirm.

I

Appellant filed his action in the State Circuit Court of Davidson County, Tennessee and it later was transferred to the United States District Court. The defendants were Rogers T. Martin, the American Postal Workers Union, the Postmaster at Nashville, Tennessee, and two other postal service employees. Thereafter, Harvey voluntarily dismissed the action against the Postmaster and the two named postal employees. He charged that Martin and the Union individually and jointly engaged in a concerted attempt to have him removed from his job. He alleged that the actions taken by Martin and the Postal Union constituted (1) intentional and purposeful interference with a property right; (2) intentional and purposeful inducement to breach the employment contract between appellant and the Postal Service; and (3) intentional infliction of mental and emotional distress. He sued for $25,000.00 against each defend-

ant for intentional infliction of mental and emotional distress, $10,000.00 for punitive damages and reimbursement of expenses incurred.

Appellant became manager of the motor vehicle department for the Nashville post office in January 1975. Some of the union members became dissatisfied with him. As a result, Martin, in his capacity as the Union's craft president, circulated a letter and petition for the removal of Harvey from his position. On July 12, 1977 the Postmaster notified Harvey that he would be demoted temporarily to the position of general foreman. Subsequently, by letter dated September 2, 1977, the Postmaster notified Harvey that the post office proposed to demote him to that position on a permanent basis. On November 1, 1977, the demotion was made permanent.

Harvey appealed his demotion to the Appeals Authority, U.S. Civil Service Commission, which upheld the demotion. Harvey then appealed to the Merit Systems Protection Board. On December 17, 1980 the Board reversed the Appeals Authority and ordered Harvey reinstated to his former position as manager of the motor vehicle department with full back pay. The decision of the Board appears to have been made largely on procedural grounds.

Appellant filed his complaint against the Union and Martin on December 17, 1981. This was more than four years after he was demoted. It is undisputed that the Union and Martin had no involvement in the decision of demoting Harvey, since the Union is empowered under the collective bargaining agreement only to report problems to management and has no voice in hiring, firing or demoting. Therefore, any actionable conduct on the part of the Union and Martin necessarily occurred on or before November 19, 1977, the date of Harvey's official demotion.

■ The district court correctly held that Harvey's claims for interference with property and contractual rights are governed by the three year statute of limitations prescribed by T.C.A. § 28–3–105:

**28–3–105. Property tort actions—Statutory liabilities—Alienation of affections.**—The following actions shall be commenced within three (3) years from the accruing of the cause of action:

(1) Actions for injuries to personal or real property;

(2) Actions for the detention or conversion of personal property;

(3) Civil actions based upon the alleged violation of any federal or state statute creating monetary liability for personal services rendered, or liquidated damages or other recovery therefor, when no other time of limitation is fixed by the statute creating such liability;

(4) Actions for alienation of affections. [Code 1858, § 2773 (deriv. Acts 1715, ch. 27, § 5); Shan., § 4470; Code 1932, § 8598; Acts 1945, ch. 130, § 1; mod. C.Supp.1950, § 8598; modified; T.C.A. (orig. ed.), § 28–305.]

*See Edwards v. Travelers Insurance of Hartford, Connecticut,* 563 F.2d 105, 122 (6th Cir.1977).

■ The district court also was correct in holding that the claim for intentional infliction of emotional distress is governed by the one-year statute of limitations prescribed by T.C.A. § 28–3–104(a):

**28–3–104. Personal tort actions.**—(a) Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, criminal conversation, seduction, breach of marriage promise, actions and suits against attorneys for malpractice whether said actions are grounded or based in contract or tort, civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes, and actions for statutory penalties shall be commenced within one (1) year after cause of action accrued.

*See Carney v. Smith,* 222 Tenn. 472, 477, 437 S.W.2d 246, 248 (1969).

■ In arguing that his action is timely, appellant alleges that the torts committed by the Union and Martin were not discoverable until January 10, 1981, and therefore the statutes of limitations were tolled. He claims that on January 10, 1981, the date he

returned to his former position, he was informed by some employees that Martin had misrepresented the facts to Union members and that the petition was signed by some members because of Martin's misrepresentations. He argues that his cause of action did not accrue until the injury was discovered on January 10, 1981. We conclude that this claim is without merit.

In *McCroskey v. Bryant Air Conditioning Co.,* 524 S.W.2d 487, 491 (Tenn.1975) the Tennessee Supreme Court held that in tort actions based upon negligence or misrepresentation, "the cause of action accrues and the statute of limitations commences to run when the injury occurs or is discovered, or *when in the exercise of reasonable care and diligence, it should have been discovered.*" *See also Roberts v. Berry,* 541 F.2d 607, 610 (6th Cir.1976), quoting *McCroskey, supra; Prescott v. Adams,* 627 S.W.2d 134, 138 (Tenn.App.1981).

In *Stone v. Hinds,* 541 S.W.2d 598, 599 (Tenn.App.1976), the court defined the statutory words "from the accruing of the cause of action" to mean from the time when the plaintiff knew or reasonably should have known that a cause of action existed. Tennessee cases also reveal that mere ignorance and failure of the plaintiff to discover the cause of action is not sufficient to toll the running of the statute of limitations. *Hall v. DeSaussure,* 41 Tenn. App. 572, 580, 297 S.W.2d 81, 85 (1956). Although concealment of a cause of action has been held to toll the statute, it must be shown that the defendant took affirmative steps to conceal the cause of action and that the plaintiff could not have discovered his cause of action despite exercising reasonable diligence. *Redwood v. Raskind,* 49 Tenn.App. 69, 76–77, 350 S.W.2d 414, 417 (1961). *See Vance v. Schulder,* 547 S.W.2d 927, 930–31 (Tenn.1977) for a discussion of these principles.

The record reveals that appellant failed to exercise reasonable care and diligence in making an effort to discover any cause of action he might have had against the named defendants. He admitted that he did not contact the individuals who signed the petition. At the time he was demoted, he attended two meetings with the Postmaster and others concerning the petition and accompanying letter and had an opportunity to ask questions about the allegations. After he was advised of the proposed action, he retained an attorney who presumably investigated the events surrounding the petition and letter. Prior to his hearing before the Appeals Authority and at that hearing he had sufficient time to investigate the events surrounding the letter and petition. As early as May 1978, Harvey received a written statement from Michael Dunning, who stated that he was told that some Union members signed the petition because others had done so, and that these signers did not know what it was about. Thus, if Harvey had any claim against the defendants, he was on notice as early as May 1978—approximately three years and seven months before he filed the present action.

Although the Tennessee courts are hesitant to grant summary judgment when it is disputed as to when the plaintiff reasonably should have known that a cause of action existed, *see, e.g., Adams, supra,* 627 S.W.2d at 138–39, it appears clear in the present case that plaintiff failed to exercise care or diligence in an effort to ascertain whether he had a cause of action against the defendants. Accordingly, we conclude the district court did not err in dismissing the claims as being barred by the above-quoted statutes of limitations.

The judgment of the district court is affirmed. The costs are taxed against appellant.