Marilyn DUNCAN, et vir, A.Y. Duncan, Plaintiffs-Appellants,

v.

H.M. LEEDS, M.D. and Roy McDonald, M.D., Defendants-Appellees.

No. 83–5661.

United States Court of Appeals, Sixth Circuit.

Argued July 19, 1984.

Decided Sept. 7, 1984.

Daniel J. Goodman (argued), Goodman, Cannon & McNabb, David W. McNabb, Knoxville, Tenn., for plaintiffs-appellants.

Arthur D. Byrne, Poore, Cox, Baker, Ray & Byrne, James O'Kane (argued), Knoxville, Tenn., for McDonald.

Jonathan H. Burnett, (argued), Hodges, Doughty & Carson, Knoxville, Tenn., for Leeds.

Before LIVELY, Chief Judge, ENGEL, Circuit Judge, and PECK, Senior Circuit Judge.

JOHN W. PECK, Senior Circuit Judge.

This appeal involves the question of whether the district court erred in dismissing a complaint alleging medical malpractice on the ground that the complaint was time-barred by the applicable statute of limitations. Because our review indicates that the complaint alleges facts that could constitute fraudulent concealment of the cause of action, which would toll the statute under the applicable law, we hold that the district court did err. Accordingly, we reverse the judgment of the district court.

## I.

On June 1, 1983, Marilyn Duncan and her husband, A.Y. Duncan, citizens of Kentucky, initiated this diversity action by filing a complaint in the United States District Court for the Eastern District of Tennessee. The complaint alleges that H.M. Leeds and Roy McDonald, two Tennessee doctors who had treated Marilyn at a Tennessee hospital in 1970, when she was fifteen years old, had committed medical malpractice and were liable for her ensuing sterility. The complaint further alleges "that the Defendants committed acts of fraudulent concealment to hide the injuries of the Plaintiff [Marilyn Duncan] from her."

Prior to filing an answer, each defendant moved to dismiss the action on the ground that it was barred by the applicable Tennessee statute of limitations. In an opinion filed on August 25, 1983, the district court held that on its face the complaint was time-barred by Tenn.Code Ann. § 29–26–116(a), absent any fraudulent concealment.[1] The court, relying on *Harvey v. Martin*, 714 F.2d 650 (6th Cir.1983) (per curiam), then held that the allegations of the complaint precluded a finding of fraudulent concealment and ordered the complaint dismissed.

## II.

■ Because we are reviewing a dismissal on the plaintiffs' pleadings, we are required to treat as true the material facts alleged in the complaint. *See, e.g., Hospital Building Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740, 96 S.Ct. 1848, 1850, 48 L.Ed.2d 338 (1976); *Abdul-Alim Amin v. Universal Life Insurance Co.*, 706 F.2d 638, 640 (5th Cir.1983). On August 13, 1970, Marilyn Duncan, then aged fifteen, became ill with symptoms of abdominal cramps, diarrhea, and vomiting. On August 16, 1970, Marilyn consulted Dr. Leeds who noted a probable diagnosis of enteritis and mentioned a paralytic ileus following an acute colitis. Dr. Leeds admitted Marilyn to the Scott County, Tennessee Hospital for observation and treatment on that day.

Marilyn was confined at the hospital until September 9, 1970. During her stay, Marilyn was treated with antibiotics. Dr. McDonald installed Penrose surgical drains in her abdomen on September 4, 1970. Marilyn's condition deteriorated throughout her stay, but no surgery was per-

---

1. Tennessee Code Annotated § 29–26–116(a) provides:

    (1) The statute of limitations in malpractice actions shall be one (1) year as set forth in § 28–3–104.

    (2) In the event the alleged injury is not discovered within the said one (1) year period, the period of limitation shall be one (1) year from the date of such discovery.

    (3) In no event shall any such action be brought more than three (3) years after the date on which the negligent act or omission

occurred except where there is fraudulent concealment on the part of the defendant in which case the action shall be commenced within one (1) year after discovery that the cause of action exists.

    (4) The time limitation herein set forth shall not apply in cases where a foreign object has been negligently left in a patient's body in which case the action shall be commenced within one (1) year after the alleged injury or wrongful act is discovered or should have been discovered.

formed or authorized except for the installation of the drains.

On September 9, 1970, Marilyn's mother was informed by a nurse that Marilyn's life was in danger and that Dr. Leeds was not treating her properly. Marilyn's mother then checked her out of the Scott County Hospital and took her to the University of Kentucky Medical Center. The discharge summary by Dr. Leeds indicated that Marilyn had improved and listed a final diagnosis of generalized peritonitis, although no previous diagnosis of peritonitis had been made. Upon admission to the University of Kentucky Medical Center, Marilyn was taken immediately to surgery where she was found to have had a perforated appendix and abdominal abcesses of a month's duration caused by the ruptured appendix.

On June 1, 1982, Marilyn was admitted to the Humana Hospital Lake Cumberland in Somerset, Kentucky for a laparotomy to determine the cause for her inability to become pregnant. The doctor determined that the scarring, abcesses, adhesions, and cystic formation from the 1970 illness had rendered Marilyn sterile. This was the first time that Marilyn knew that she had been rendered sterile by the 1970 illness.

### III.

■ The defense of limitations may be properly raised by a motion to dismiss where "the complaint shows that the action was not brought within the statutory period." *Rauch v. Day & Night Manufacturing Corp.*, 576 F.2d 697, 702 (6th Cir.1978). Dismissal of a complaint because barred by the applicable statute of limitations is proper, however, only "when the statement of the claim affirmatively shows that the plaintiff can prove *no* set of facts that would entitle him to relief." *Ott v. Midland-Ross Corp.*, 523 F.2d 1367, 1369 (6th Cir.1975) (emphasis in original; citations omitted). *Cf. Austin v. Brammer*, 555 F.2d 142 (6th Cir.1977) (per curiam) (absent evidentiary hearing, dismissal of complaint

as time-barred was improper where complaint alleged facts that might toll statute of limitations). Furthermore, the complaint must be liberally construed in determining whether the complaint is time-barred. *Ott v. Midland-Ross Corp., supra,* 523 F.2d at 1369.

■ To determine whether plaintiffs can prove any set of facts that would entitle them to relief, we turn to the applicable Tennessee statutes of limitations. Tennessee Code Annotated § 29–26–116(a) establishes a two-part test for determining the limitations period for bringing medical malpractice actions. The section initially recognizes the applicability of both the one-year limitations period for personal tort actions contained in Tenn.Code Ann. § 28–3–104 and the "discovery rule" enunciated in *Teeters v. Currey,* 518 S.W.2d 512 (Tenn. 1974). *See generally Harrison v. Schrader,* 569 S.W.2d 822, 824 (Tenn.1978). The "discovery rule" provides that the cause of action in malpractice cases accrues and the limitations period begins to run when the injury is, or should have been, discovered. *Teeters v. Currey, supra,* 518 S.W.2d at 516. The section also imposes, however, an absolute three-year limit on the bringing of malpractice actions, running from the date of the negligent act or omission. *Hoffman v. Hospital Affiliates, Inc.,* 652 S.W.2d 341, 343 (Tenn.1983); *Harrison v. Schrader, supra,* 569 S.W.2d at 824. The result of the absolute three-year limit is that "it is possible for an individual's right to sue to expire before its existence is known." *Jones v. Morristown-Hamblen Hospital Association, Inc.,* 595 S.W.2d 816, 821 (Tenn.App.1979). Finally, the section contains two exceptions to the absolute three-year limit involving cases in which either the cause of action has been fraudulently concealed or a foreign object has been negligently left in the patient's body. *Harrison v. Schrader, supra,* 569 S.W.2d at 824. Accordingly, even assuming, as did the district court, that under Tenn.Code Ann. § 28–1–106 [2] the limitations period did not

---

2. Tennessee Code Annotated § 28–1–106 provides:

If the person entitled to commence an action is, at the time the cause of action accrued,

begin to run until Marilyn reached her eighteenth birthday, the absolute three-year limit imposed by Tenn.Code Ann. § 29–26–116(a) would bar the action, absent one of the two exceptions. Because there is no allegation that a foreign object was left negligently in Marilyn Duncan's body by defendants, the only issue is whether in light of the facts alleged in the complaint plaintiffs are precluded from proving that the defendants fraudulently concealed the cause of action.

◼ In the absence of a confidential relationship, a plaintiff who seeks to toll a statute of limitations on the ground of fraudulent concealment must satisfy a two-pronged test by showing "that the defendant took affirmative steps to conceal the cause of action and that the plaintiff could not have discovered his cause of action despite exercising reasonable diligence." *Harvey v. Martin, supra,* 714 F.2d at 653. *See Vance v. Schulder,* 547 S.W.2d 927, 930 (Tenn.1977) ("[T]he plaintiff must prove that the defendant took affirmative action to conceal his cause of action and that he, the plaintiff, could not have discovered his cause of action despite exercising reasonable diligence."). *See also Union Carbide & Carbon Corp. v. Stapleton,* 237 F.2d 229, 233 (6th Cir.1956) ("To invoke the doctrine of fraudulent concealment, it is the existence of facts giving rise to a cause of action, independent of the concealment, that must have been withheld."). Moreover, in a medical malpractice action, fraudulent concealment does not arise from "an honest mistake made by a physician in diagnosing the cause of a patient's infirmity, standing alone." *Ray v. Scheibert,* 484 S.W.2d 63, 72 (Tenn.App.1972) (*Scheibert II* ). Instead, the defendant physician who conceals the actionable injury must have "actual knowledge of the commission of the tort." *Ray v. Scheibert,* 224 Tenn. 99, 450 S.W.2d 578, 581 (1969) (*Scheibert* I). *Accord Clinard v. Pennington,* 59 Tenn. App. 128, 438 S.W.2d 748, 753 (1968); *Hall v. De Saussure,* 41 Tenn.App. 572, 297 S.W.2d 81, 88 (1956).

◼ Applying these principles to the instant case, we hold that the complaint adequately charges fraudulent concealment to preclude dismissal under Fed.R.Civ.P. 12(b)(6). As an initial point, the complaint alleged not only that defendants knew of the extent of Marilyn's illness and failed to inform her or her mother, but also that Dr. Leeds reported in Marilyn's discharge summary that her condition had improved when it had deteriorated seriously and that Dr. Leeds first listed a diagnosis of generalized peritonitis in the summary. The implication of these allegations "is that the defendant[s] had knowledge of this commission of the tort." *Scheibert* I, *supra,* 450 S.W.2d at 581. *Cf. Hall v. De Saussure, supra,* 297 S.W.2d at 86 (failure of doctor to advise patient that doctor had departed from program agreed upon and authorized would warrant finding of fraudulent concealment). As a consequence, there can be no question that the complaint adequately alleges a knowing concealment of the negligent diagnosis and treatment by defendants. *See Scheibert* I, *supra,* 450 S.W.2d at 581.

Defendants contend, however, that in light of the facts alleged in the complaint, Marilyn either knew or should have known of their malpractice once she had been diagnosed and treated at the University of Kentucky Medical Center. We do not agree.

◼ At most, the complaint reveals that Marilyn's mother knew or should have known of the cause of action at that time. Nowhere in the complaint is there any allegation that Marilyn was made aware of the defendants' malpractice or of facts that would have put her on notice so that through the exercise of reasonable dili-

---

either within the age of eighteen (18) years, or of unsound mind, such person, or his representatives and privies, as the case may be, may commence the action, after the removal of such disability, within the time of limitation for the particular cause of action, unless it exceed [sic] three (3) years, and in that case within three (3) years from the removal of such disability.

gence she should have known of it. *Cf. Hall v. De Saussure, supra,* 297 S.W.2d at 86 (leakage of spinal fluid from incision several days after operation did not charge patient or wife with knowledge of operation on spine). In such circumstances, we decline to hold as a matter of law either that Marilyn must have been put on notice of the malpractice by her childhood illness or that the knowledge of her mother is to be imputed to her.

In reaching this decision, we adopt the reasoning of the Supreme Court of Washington in *Ohler v. Tacoma General Hospital,* 92 Wash.2d 507, 598 P.2d 1358 (1979), in which the court, reviewing a trial court's grant of summary judgment, confronted the analogous issue of whether a twenty-two-year old plaintiff was time-barred from bringing a malpractice action due to knowledge obtained as a four-year old that she had been blinded as a result of receiving too much oxygen at birth. The court refused to hold as a matter of law that the knowledge received by a four-year old that administration of "too much oxygen" had caused her blindness imparted a realization that her blindness was due to a physician's breach of duty. *Id.* at 1360. The court additionally held that because "the negligence of a parent is not imputed to a child, ... knowledge of the parent about a possible cause of action should not be imputed to the child, at least absent communication to the child." *Id.* at 1361. In light of Tennessee law that the negligence of a parent is not imputed to the child, *Cleghorn v. Thomas,* 58 Tenn.App. 481, 432 S.W.2d 507, 511 (1968), we hold that Tennessee would not impute the knowledge or constructive knowledge of a parent concerning the existence of a child's cause of action to the child. *Cf. Howell v. Davis,* 43 Tenn.App. 52, 306 S.W.2d 9, 12–13 (1957) (wife's action to cancel deed by husband not time-barred due to husband's fraudulent concealment of cause of action from her).

Our decision is consonant with that reached by a panel of this court in *Harvey v. Martin, supra.* In *Harvey,* this court held that a trial court properly dismissed an action, alleging wrongful inducement to breach an employment contract, as time-barred under Tennessee law in spite of a claim of fraudulent concealment, where the record, which included the plaintiff's deposition, revealed that the plaintiff had failed to exercise reasonable care and diligence to discover in a timely fashion his cause of action against the named defendants. 714 F.2d at 653. The court relied heavily upon the plaintiff's deposition admission that he had made no effort to investigate whether he had a claim even though he had received a written statement that various union members had signed a petition for his removal from his employment position without any knowledge as to the purpose of the petition. *Id.*

The court in *Harvey* was confronted with a developed record. The court, properly treating the case as one involving summary judgment under Fed.R.Civ.P. 56, determined that in light of the facts established in the record there was no genuine issue of material fact concerning whether the plaintiff should have known of his cause of action. In the instant case, however, the record consists only of the complaint. Unlike *Harvey,* there is no deposition admission by Marilyn Duncan that she knew of the defendant's malpractice, of facts that should have put her on notice as to the malpractice, or even of the reason for her illness in 1970. In light of the requirements that the complaint be construed liberally in favor of the plaintiffs and that dismissal on the complaint be granted only where the plaintiffs can prove no set of facts entitling them to relief, we conclude that the trial court's dismissal of this action was error.

## IV.

In sum, because the facts alleged in the complaint do not preclude plaintiffs from proving that Marilyn Duncan neither knew nor should have known of her cause of action prior to the laparotomy in June, 1982, the district court erred in holding that on its face the complaint was time-

barred under Tenn.Code Ann. § 29–26–116(a). Accordingly, we reverse the judgment of the district court.

Reversed and remanded for further proceedings not inconsistent herewith.