833 F.2d 1012
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sterling and Olga HAMILTON, Plaintiffs-Appellants,
v.
Marshall DAVIDSON, in his official capacity, and in his
individual capacity; Robert Owens, in his professional
capacity, and in his individual capacity; and James
Higgins, Jr., in his professional capacity, and in his
individual capacity, Defendants-Appellees.
 No. 86-6003.
 United States Court of Appeals, Sixth Circuit.
 Nov. 10, 1987.
 
 Before KEITH and MILBURN, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellants, Sterling and Olga Hamilton, appeal the district court's dismissal of their civil rights action for failure to state a claim under Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, we REVERSE and REMAND the case back to the district court with instructions to articulate the reasons for dismissing the action and to state what facts were assumed to be true when deciding that plaintiff failed to state a claim.
 
 
 2
 Appellants brought suit against appellees, Marshall Davidson, Robert E. Owen, William G. Francis, Fred G. Francis and James Higgins, Jr., alleging that appellees conspired to deprive the Hamiltons of equal protection under the law and other constitutional rights. Their allegations derive from the dismissal with prejudice of a previous action in the United States District Court for the Eastern District of Kentucky, No. 84-211. In that prior action, the Hamiltons argued that Defendant Bank Josephine and other defendants violated the Hamiltons' rights in obtaining a judgment against them on a defaulted loan, and in attempting to foreclose and sell the Hamiltons' property. The prior action was dismissed with prejudice. The Hamiltons then filed first and second amended complaints in this renewed action. In those complaints, the Hamiltons included the same allegations previously dismissed with prejudice, but added as new parties Fred G. Francis and James Higgins, Jr., attorneys for defendants in the prior action.
 
 
 3
 On July 2, 1986, the magistrate dismissed these renewed complaints for failure to state a claim "for the reasons set forth in the memorandum in support of the motion to dismiss of the defendants Francis." The magistrate's order was adopted by the United States District Court for the Eastern District of Kentucky on September 11, 1986. The Hamiltons now appeal from that judgment.
 
 
 4
 Appellants in this action ambitiously urge that appellees violated appellants' rights under numerous civil rights statutes, state laws and constitutional provisions, namely: 42 U.S.C. Secs. 1981, 1982, 1983, 1985(2)(3), 1986 and 1988; state law claims of "Legal Malpractice, Conspiracy to Oppress, Misconduct in Public Office, Obstruction of Justice, Federal Bank Violations, Stifling and Chilling Bids, Embezzlement, Fraud, Deceit, and Deceptive Business Practices"; and violations of the first, fourth, fifth, eigth, ninth and fourteenth amendments to the United States Constitution.
 
 
 5
 The specific facts underlying these abundant allegations are somewhat murky. The magistrate below must have shared our confusion, for he dismissed the complaint without explanation, except to summarily incorporate by reference the reasons set forth in the defendants' memorandum to dismiss the complaint. This strategy for dismissing a case is unacceptable to a reviewing court.
 
 
 6
 In a motion to dismiss for failure to state a claim, the trial court must take as true all allegations and facts stated in the complaint. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Duncan v. Leeds, 742 F.2d 989, 990 (6th Cir.1984); Lee v. Western Reserve Psychiatric Habilitation Center, 747 F.2d 1062, 1065 (6th Cir.1984). In this case, however, the magistrate below (whose order was adopted by the District Court) failed to state in his order precisely what facts he assumed to be true when holding that plaintiffs failed to state a claim under Fed.R.Civ.P. 12(b)(6). Thus, neither the magistrate nor the district court below provided this court with a reviewable decision.
 
 
 7
 A magistrate's shorthand attempt to incorporate by reference a party's memorandum leaves the appellate court unable to intelligently review the lower court's reasoning, and leaves parties themselves unsure of the claims they should appeal. The district court (and the magistrate), when dismissing a complaint, must therefore state the reasons for the dismissal. See Salibra v. Supreme Court of Ohio, 730 F.2d 1059, 1062 (6th Cir.1984); Tingler v. Marshall, 716 F.2d 1109, 1112 (6th Cir.1983). Incorporating by reference the reasoning of another is insufficient. If a court cannot adopt by reference the findings of another court in another case, Ball v. Paramount Pictures, Inc., 67 F.Supp. 1, 5 (W.D.Pa.1946), and cannot merely refer by number to allegations of a complaint and declare that such allegations are "true" or "untrue," Nuelson v. Sorenson, 293 F.2d 454, 459-60 (9th Cir.1961), then certainly a trial court cannot simply adopt by reference the arguments in a party's memorandum in support of a motion to dismiss. Such a practice engenders confusion in appellate courts and indolent decisionmaking at the trial level.
 
 
 8
 Accordingly, this case is REVERSED and REMANDED with instructions to the district court to clearly set forth the reasons for deciding that the plaintiff failed to state a claim, including the facts or allegations in the complaint that the court is relying upon to make such a decision.