IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

August 25, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

WILLIAM TERRY WYATT,

    Plaintiff-Appellant,

v.

BILLIE CAREY AND JIM CHEWNING

    Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)

CUMBERLAND COUNTY

03A01-9809-CV-00307

HON. JOHN A. TURNBULL

AFFIRMED AND REMANDED

WILLIAM TERRY WYATT, <u>PRO SE</u>

PAUL G. SUMMERS, ATTORNEY GENERAL AND REPORTER, MICHAEL MOORE, SOLICITOR GENERAL, AND PAMELA S. LORCH, ASSISTANT ATTORNEY GENERAL OF NASHVILLE FOR APPELLEE JIM CHEWNING

<u>O P I N I O N</u>

Goddard, P.J.

This appeal by <u>pro se</u> Plaintiff/Appellant, William Terry Wyatt, concerns his suit for civil conspiracy, negligent infliction of emotional distress, and outrageous conduct, as well as for violations of his constitutional rights. He sued Defendants/Appellees, Billie Carey[1], his ex-wife, and Jim

---

[1]Service upon Ms. Carey could not be obtained. She was not a party below or on appeal.

Chewning, an investigation officer with the Tennessee Department of Correction.

Mr. Wyatt, who is serving a sentence for attempted second degree murder and kidnapping, brings this civil action against Ms. Carey and Officer Chewning alleging that Officer Chewning "conspired" with Ms. Carey to submit a false report of Mr. Wyatt's criminal history in his presentence report, which was prepared by Officer Chewning. Mr. Wyatt contends that the pair falsified the presentence report to indicate that he had a significant number of criminal offenses, thereby causing him to receive a jail sentence instead of probation.

Mr. Wyatt presents two issues, which we restate, for our consideration:

> 1. Whether a genuine issue of material fact exists regarding the one-year statute of limitations applicable to civil conspiracy, emotional distress, and outrageous conduct.
>
> 2. Whether the Trial Court abused its discretion by dismissing the complaint without stating its reasons for the dismissal and without notifying all parties, specifically Ms. Carey, of its intent to dismiss and by not giving all parties an opportunity to respond to the Court's actions.

2

Officer Chewning filed the presentence report on May 19, 1995.  On December 2, 1997, Mr. Wyatt filed an action for civil conspiracy, negligent infliction of emotional distress, and outrageous conduct, as well as for violations of his constitutional rights.

The Trial Court concluded

> that the motion for summary judgment
> filed by the defendant Chewning is
> meritorious in that the complaint shows
> upon its face that the applicable one
> year statute of limitations has expired prior
> to the filing of this complaint.  Since the
> same factors would apply to the defendant
> Carey, the Court also is required to dismiss
> the claim against Billie Carey.

On appeal the State argues that Mr. Wyatt's cause of action is time barred.  Officer Chewning filed Mr. Wyatt's presentence report on May 19, 1995, but Mr. Wyatt did not file a complaint until December 2, 1997.[2]   The State asserts that over two years had passed from the date of the alleged tortious conduct and the filing of the complaint.  It maintains that Tennessee Code Annotated § 28-3-104 provides for a one-year statute of limitations:

> Personal tort actions. -- (a) The
> following actions shall be commenced within

---

[2]The State uses the date of November 23, 1997 in its brief.  However, the complaint was not filed until December 2, 1997, which is the date used by this Court.

3

one (1) year after the cause of action
accrued:
>    (1) Actions for libel, for injuries to the
>    person, false imprisonment, malicious
>    prosecution, breach of marriage promise;
>
>    * * * *
>
>    (3) Civil actions for compensatory or
>    punitive damages, or both, brought under
>    the federal civil rights statutes[.]

The State acknowledges that the Trial Court erroneously labeled Officer Chewning's motion to dismiss as a motion for summary judgment, but maintains that the Trial Court's judgment regarding the statute of limitations issue is correct.

We find that the record clearly shows that Mr. Wyatt allowed the one-year statute of limitations to expire before filing his complaint. <u>See</u> <u>Harvey v. Martin</u>, 714 F.2d 650 (6th Cir. 1983); <u>Wright v. Tennessee</u>, 628 F.2d 949 (6th Cir. 1980); <u>Braswell v.</u> <u>Carothers</u>, 863 S.W.2d 722 (Tenn. Ct. App. 1993). Therefore, his cause of action is time barred.

In light of our disposition of the statute of limitations issue, we need not address the second issue.

For the foregoing reasons, the judgment of the Trial Court is affirmed and the cause remanded for collection of the judgment and costs below.  Costs of appeal are adjudged against Mr. Wyatt.

_____
Houston M. Goddard, P.J.

CONCUR:

_____
Herschel P. Franks, J.

_____
Charles D. Susano, Jr., J.