IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 10, 2010 Session

IN RE ESTATE OF MARY REEVES DAVIS

Appeal by Permission from the Court of Appeals, Middle Section
Circuit Court for Davidson County, Probate Division
No. 99P-1955      David Randall Kennedy, Judge

No. M2009-00660-SC-S09-CV - Filed April 23, 2010

In this interlocutory appeal, the administrator of the estate of the decedent argues that a petition for probate, filed more than two years after the probate of an earlier will, is time-barred by Tennessee Code Annotated section 32-4-108, and, therefore, the trial court erroneously denied his motion for summary judgment. Because the statute is one of limitations rather than repose, because exceptions within the statute do not preclude tolling based upon fraudulent concealment, and because there are genuine issues of fact as to whether the subsequent will was fraudulently concealed, the trial court's denial of summary judgment is affirmed.

**Tenn. R. App. P. 11; Judgment of the Circuit Court Affirmed**

GARY R. WADE, delivered the opinion of the Court, in which JANICE M. HOLDER, C.J., CORNELIA A. CLARK, WILLIAM C. KOCH, JR., and SHARON G. LEE, JJ., joined.

Ames Davis and Paul C. Hayes, Nashville, Tennessee, for the appellant, Ames Davis, Administrator of the Estate of Mary Reeves Davis.

Jeffrey Alan Greene, Nashville, Tennessee, for the appellee, W. Terry Davis.

**OPINION**
**Facts and Procedural Background**

Mary Reeves Davis, the widow of country music's "Gentleman" Jim Reeves ("Reeves"),[1] died on November 11, 1999. On July 30, 2001, a document purporting to be

---

[1] Gentleman Jim Reeves "was perhaps the biggest male star to emerge from the Nashville sound" and has been inducted into the Country Music Hall of Fame. David Vinopal, Biography of Jim Reeves,

(continued...)

her last will and testament, dated September 10, 1976 ("1976 Will"), was admitted for probate. W. Terry Davis (the "Petitioner"), who married Ms. Davis after Reeves's death and remained wedded to her for some thirty years, was a named beneficiary. There were other beneficiaries, however, including Ms. Davis's brothers and sisters and Reeves's brothers and sisters. On August 10, 2005, over four years after the probate of the 1976 Will, the Petitioner filed a petition seeking the probate of a holographic will dated March 7, 1996 ("1996 Will"). As the sole beneficiary of the 1996 Will, the Petitioner asserted that the existence of the document "was unknown for several years until it was recently . . . found." He contended that the 1996 Will was fraudulently concealed by Ed Gregory and Ms. Davis's conservator and nephew, William White, thereby causing the delay in its discovery.

At some point prior to 1997, Ms. Davis had sold memorabilia pertaining to Reeves to United Shows, an entity owned and operated by Gregory. The memorabilia included several items from the Jim Reeves Museum and the Reeves residence. In the initial probate proceeding, Gregory and White testified that they found the 1976 Will in the museum records on the day of Ms. Davis's death and provided the original document to Ames Davis, the attorney who was named to administer the estate (the "Administrator").[2] When the 1976 Will was admitted to probate, the Petitioner expressed suspicion that a more current will could be found in the records that Gregory had purchased from Ms. Davis; however, according to the Petitioner, Gregory would not at that time permit the records to be searched.

The Petitioner claims that shortly before filing his petition, he found the 1996 Will in a safe in Gregory's office after Gregory had been required to vacate the premises incident to proceedings in bankruptcy. The box containing the 1996 Will was marked: "Returned to E.A. Gregory by me on December 19, 1997 at Nolensville, TN. William H. White, Conservator for Mrs. Mary Reeves Davis."

The promissory notes supplied by Gregory for the purchase of the memorabilia were made payable to White, as Ms. Davis's conservator. Sometime after the sale, White, allegedly without the permission of Ms. Davis or the approval of the conservatorship court, surrendered United Shows's notes and released the collateral securing the notes. The

---

[1](...continued)
allmusic, http://www.allmusic.com/cg/amg.dll?p=amg&sql=11:hifixql5ldde~T1. Reeves died at age forty in an airplane crash on July 31, 1964. Id. "Though Reeves had died, his popularity did not vanish — in fact, his sales increased following his death," and a number of posthumous releases topped the U.S. country music charts. Id. Reeves' recordings included the songs "Have I Stayed Away Too Long?" and "How Long Has It Been?" Id. (follow "songs" link; then follow "all songs" link; then go to third page in list).

[2] Ames Davis, a partner in the law firm of Waller, Lansden, Dortch & Davis LLP in Nashville, is apparently unrelated to the Petitioner.

Petitioner contends that White did this in exchange for promissory notes made to him personally and for other favors from Gregory, including the fraudulent concealment of the 1996 Will, which did not include White or his family as beneficiaries.

In response to the petition to probate the 1996 Will, the Administrator filed a motion for summary judgment alleging that the cause of action was time-barred by Tennessee Code Annotated section 32-4-108 (2007), which provides, in relevant part, that "[a]ll actions or proceedings to set aside the probate of any will . . . must be brought within two (2) years from entry of the order admitting the will to probate, or be forever barred." On February 3, 2009, the Davidson County Circuit Court, Probate Division, denied the relief sought. The trial court held that this state "recognized a narrow fraudulent concealment exception to the limitations period set forth in Tenn. Code Ann. § 32-4-108," as confirmed in Phillips v. Phillips, 526 S.W.2d 439 (Tenn. 1975), and ruled that the Petitioner had "presented sufficient circumstantial evidence to create a genuine issue of material fact with respect to" the fraudulent concealment of the 1996 Will, thus avoiding the entry of a summary judgment favorable to the Administrator. See Tenn. R. Civ. P. 56.03.

At the request of the Administrator, the probate court granted an interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure, observing that some decisions since Phillips indicate that section 32-4-108 might be a statute of repose rather than one of limitations. On May 6, 2009, the Court of Appeals declined to hear the appeal. We granted the Administrator's application for permission to appeal to consider two issues: first, whether the governing statute is one of repose, establishing an absolute substantive bar to claims of the Petitioner, or one of limitations; and second, if it is a statute of limitations, whether the two-year period is subject to tolling by fraudulent concealment.

**Standard of Review**

This appeal involves the interpretation of Tennessee Code Annotated section 32-4-108. Statutory construction is a question of law that is reviewed de novo without any presumption of correctness. In re Estate of Tanner, 295 S.W.3d 610, 613 (Tenn. 2009). When dealing with statutory interpretation, well-defined precepts apply. Our primary objective is to carry out legislative intent without broadening or restricting the statute beyond its intended scope. Houghton v. Aramark Educ. Res., Inc., 90 S.W.3d 676, 678 (Tenn. 2002). In construing legislative enactments, we presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the General Assembly is not violated by so doing. In re C.K.G., 173 S.W.3d 714, 722 (Tenn. 2005). When a statute is clear, we apply the plain meaning without complicating the task. Eastman Chem. Co. v. Johnson, 151 S.W.3d 503, 507 (Tenn. 2004). Our obligation is simply to enforce the written language. Abels ex rel. Hunt v. Genie Indus., Inc., 202 S.W.3d 99, 102 (Tenn. 2006). It is only when a statute is ambiguous that we may reference the broader statutory scheme, the

history of the legislation, or other sources. Parks v. Tenn. Mun. League Risk Mgmt. Pool, 974 S.W.2d 677, 679 (Tenn. 1998).

The scope of review of a grant or denial of a motion for summary judgment also involves a question of law. As such, no presumption of correctness attaches, and our task is to review the record to determine whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. Hunter v. Brown, 955 S.W.2d 49, 50-51 (Tenn. 1997); Cowden v. Sovran Bank/Cent. S., 816 S.W.2d 741, 744 (Tenn. 1991). A motion for summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; Hannan v. Alltel Publ'g Co., 270 S.W.3d 1, 5 (Tenn. 2008); Byrd v. Hall, 847 S.W.2d 208, 214 (Tenn. 1993). The party seeking the summary judgment has the ultimate burden of persuading the court "that there are no disputed, material facts creating a genuine issue for trial . . . and that he is entitled to judgment as a matter of law." Byrd, 847 S.W.2d at 215. At the summary judgment phase, "it is not the role of a trial or appellate court to weigh the evidence or substitute its judgment for that of the trier of fact." Martin v. Norfolk S. Ry. Co., 271 S.W.3d 76, 87 (Tenn. 2008) (citing Byrd, 847 S.W.2d at 211).

**Analysis**
**1. Is Tennessee Code Annotated section 32-4-108 a statute of repose or statute of limitations?**
The Administrator claims that under this Court's recent decisions in Calaway ex rel. Calaway v. Schucker, 193 S.W.3d 509 (Tenn. 2005), and Penley v. Honda Motor Co., 31 S.W.3d 181 (Tenn. 2000), section 32-4-108 is a statute of repose subject to no exceptions other than those expressly included in the body of the legislation. The Petitioner, on the other hand, contends that section 32-4-108 is a simple statute of limitations, and that the two-year period for filing an action to set aside the probate may be extended when a subsequent will has been fraudulently concealed.

In Calaway, a case construing the three-year statute of repose for medical malpractice actions, we differentiated between a statute of limitations and statute of repose:

A statute of limitations normally governs the time within which legal proceedings must be commenced after a cause of action accrues. A statute of repose, on the other hand, limits the time within such an action may be brought and is unrelated to the accrual of any cause of action.

193 S.W.3d at 515 (citing Jones v. Methodist Healthcare, 83 S.W.3d 739, 743 (Tenn. Ct. App. 2001)). Unlike the time for filing under a statute of limitations, which begins when a claim accrues, the period for a statute of repose "begins when a specific event occurs,

regardless of whether a cause of action has accrued or whether any injury has resulted." 54 C.J.S. Limitations of Actions § 5 (2005). In Calaway, we observed that "[s]tatutes of repose are substantive and extinguish both the right and the remedy while statutes of limitation are procedural, extinguishing only the remedy." 193 S.W.3d at 515 (quoting Jones, 83 S.W.3d at 743). If the claimant's injury occurs within the period of repose, but he does not commence his action until after the period has ended, the action has accrued but has been extinguished. Similarly, "[w]here the injury occurs outside the [repose] period, no substantive cause of action ever accrues, and a claimant's actions are likewise barred." Id. (quoting Penley, 31 S.W.3d at 184). Statutes of repose, therefore, "impose 'an *absolute time limit* within which action must be brought.'" Id. (quoting Penley, 31 S.W.3d at 184); see also Creech v. Addington, 281 S.W.3d 363, 376 (Tenn. 2009) ("Res judicata, much like . . . a statute of repose, may serve as a complete bar to relitigation . . . ."). Importantly for purposes of this case, "[i]t appears that when the General Assembly has desired that exceptions apply to a statute of repose . . . the exception is either found with the language of the statute itself, or in another part of the code specifically referencing the particular statute of repose." Penley, 31 S.W.3d at 184-85; see also Calaway, 193 S.W.3d at 516.

At the time of Ms. Davis's death, the statute governing the time period for challenging a probated will provided as follows:

> **32-4-108. Statute of limitations.** – All actions or proceedings to set aside the probate of any will, or petitions to certify a will for an issue of divisavit vel non, must be brought within two (2) years from entry of the order admitting the will to probate, or be forever barred, saving, however, to persons under the age of eighteen (18) years or of unsound mind, at the time the cause of action accrues, the rights conferred by § 28-1-106.

Tenn. Code Ann. § 32-4-108 (1984 & Supp. 1999). This statutory language, which remains unchanged today, see Tenn. Code Ann. § 32-4-108 (2007), does not include an exception for fraudulent concealment. In fact, the explicit exceptions are only for minors or those "of unsound mind, at the time the cause of action accrues." Thus, were we to find section 32-4-108 to be a statute of repose, it would not be subject to tolling for fraudulent concealment, and the filing of the 1996 Will would be untimely.

To be sure, this Court has referred in passing to section 32-4-108 as a "statute of limitations." See In re Estate of Barnhill, 62 S.W.3d 139, 141 & n.2 (Tenn. 2001); Phillips, 526 S.W.2d at 440. Furthermore, our Court of Appeals has consistently characterized section 32-4-108 as a statute of limitations; however, our research indicates that none of their rulings addressed whether it might instead be a statute of repose. See, e.g., Estate of Morris v. Morris, No. W2009-00573-COA-R3-CV, 2009 WL 4642613, at *6 (Tenn. Ct. App. Dec. 9,

2009) (finding that the statute of limitations was not tolled because plaintiffs did not provide adequate proof of fraudulent concealment); Nichols v. Schubert, No. M2004-02567-COA-R3-CV, 2005 WL 3555574, at *10-11 (Tenn. Ct. App. Dec. 28, 2005) (same); In re Estate of Ramey, No. E2003-00544-COA-R3-CV, 2004 WL 40528, at *2-3 (Tenn. Ct. App. Jan. 8, 2004) (same); Cooper v. Austin, 837 S.W.2d 606, 610 (Tenn. Ct. App. 1992) (referring to "the two year statute of limitations in T.C.A. § 32-4-108," but holding that it was inapplicable to the underlying proceedings).

Until now, we have not specifically determined whether, in light of our decisions in Calaway and Penley, section 32-4-108 should be classified as a statute of repose or a statute of limitations. Several factors support the conclusion that the statute is one of limitations, creating a procedural rather than a substantive bar on causes of action filed beyond the two-year period.

Initially, the heading of section 32-4-108, is "Statute of limitations." Although Tennessee Code Annotated section 1-3-109 (2003) directs that headings to statutes are not part of the statutes themselves, it is permissible under widely held rules of statutory construction to consider a heading for legislative intent and purpose. State ex rel. Rector v. Wilkes, 436 S.W.2d 425, 428 (Tenn. 1968) (citing Sealed Power Corp. v. Stokes, 127 S.W.2d 114, 117 (Tenn. 1939)); see 2A Norman J. Singer, Sutherland's Statutory Construction § 47:14 (6th ed. 2000). Moreover, the statute provides that "[a]ll actions or proceedings to set aside the probate of any will . . . must be brought within two (2) years from entry of the order admitting the will to probate" and that actions brought after the two-year limitations period are barred unless the claimant was legally disabled "at the time the cause of action accrues." Tenn. Code Ann. § 32-4-108 (emphasis added). Rules of construction establish that statutory language cannot be considered in a vacuum, but "should be construed, if practicable, so that its component parts are consistent and reasonable." Marsh v. Henderson, 424 S.W.2d 193, 196 (Tenn. 1968). These two clauses, when read together, indicate that a cause of action to set aside a probated will accrues at the time the probate order is entered, and that the two-year period is related to that time of accrual for all potential claimants, not just minors and those "of unsound mind." This is consistent with a statute of limitations, which "governs the time within which legal proceedings must be commenced after a cause of action accrues"; in contrast, a statute of repose places no particular reliance upon the accrual of a cause of action. See Calaway, 193 S.W.3d at 515. Thus, the heading is perfectly consistent with the more plausible interpretation of the substantive language.

Secondly, section 32-4-108 is distinguishable from the statutes of repose that this Court construed in Calaway and Penley. In Calaway, we found that the plain language of Tennessee's medical malpractice statute – "'[i]n no event shall any such action be brought

more than three years after the date on which the negligent act or omission occurred'" – expresse[d] a clear intent by the Legislature to absolutely limit to three years the time within which malpractice actions can be brought." 193 S.W.3d at 516 (quoting Tenn. Code Ann. § 29-26-116(a)(3) (2000)). The clarity of this language supports the classification of the statute as one of repose, a substantive bar that "extinguish[es] both the right and the remedy." Id. at 515. Similarly, in the Penley case, this Court was able to declare a section of the Tennessee Products Liability Act as a statute of repose. 31 S.W.3d at 183-84 (quoting Tenn. Code Ann. § 29-28-103(a) (1980 & Supp. 1999) ("[I]n any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption . . . ." (emphasis omitted))). Unlike the statutes at issue in Calaway and Penley, section 32-4-108 lacks the modifiers "in any event" or "in no event," and, in consequence, does not so explicitly declare an absolute limitation on a cause of action. From this perspective, the more appropriate construction is to interpret the statutory period as a procedural bar, and, therefore, one of limitations rather than repose.

Thirdly, unlike statutes which have been designated statutes of repose, section 32-4-108 makes reference to only one limitations period. By comparison, Tennessee Code Annotated section 29-26-116 provides for a three-year statute of repose in addition to one-year statute of limitations for medical malpractice actions; Tennessee Code Annotated section 29-28-103 (2000) includes a ten-year statute of repose for product liability claims in addition to the statutes of limitations appearing elsewhere in the code; Tennessee Code Annotated section 47-18-110 (2001 & Supp. 2009) has a four-year statute of repose in addition to a one-year statute of limitations for consumer protection violations; and Tennessee Code Annotated section 48-18-601 (2002) provides for a three-year statute of repose in addition to the one-year statute of limitations for breach of corporate fiduciary duty claims. Although statutes of repose could exist independently from underlying statutes of limitations, the existence of a statute of repose absent a corresponding statute of limitations in the context of probate is unlikely.

Finally, the relative brevity of two years, especially in comparison to the seven-year period which appeared in the earlier version of the statute, see Tenn. Code Ann. § 32-410 (1955), cautions against any determination that section 32-4-108 qualifies as a statute of repose. Statutes of repose "create[] a substantive right in those protected to be free from liability after the legislatively-determined period of time, beyond which the liability will no longer exist and will not be tolled for any reason." 54 C.J.S. Limitations of Actions § 5. To endorse freedom from liability after a period of only two years in the administration of an estate could produce unjust results.

For the aforementioned reasons, this Court holds that Tennessee Code Annotated section 32-4-108 is a statute of limitations and that the two-year limitations period is a

procedural bar that begins at the entry of the order of probate.

## 2. Does fraudulent concealment toll the two-year limitations period of Tennessee Code Annotated section 32-4-108?

The probate court denied the Administrator's motion for summary judgment based upon language appearing in our 1975 decision in Phillips. In that case, this Court considered whether Tennessee Code Annotated section 32-410 (now section 32-4-108) barred a suit to set aside the probate of a will. Phillips, 526 S.W.2d at 440. As indicated, the statute at that time required that an action to set aside a probated will be filed within seven years, with the only enumerated exceptions permitting "persons under twenty-one years of age or of unsound mind at the time the cause of action accrued" to bring an action three years after "the removal of such disability." Id. (citing Tenn. Code Ann. §§ 28-107 (1955 & Supp. 1974), 32-410 (1955)). As to whether the statute included an implicit exception, this Court observed that "[i]n considering general statutes of limitation, [there is a] recognized . . . exception not voiced in the statutes and which tolls the statute where, due to fraudulent concealment, a plaintiff is unaware of his cause of action." Id. (citations omitted). The Court, applying this rule to the prior codification of section 32-4-108, "kn[e]w of no basic reason why the fraudulent concealment exception should not be applicable to the special statute of limitations." Id. The Court made clear, "[h]owever, [that] while fraudulent concealment of a cause of action will toll a general statute of limitations, fraud in and of itself will not." Id. Because the document had been on the public record for more than nine years before the suit was filed, the facts in Phillips did not establish concealment of either the will or the alleged forged signature on the will: "[N]o facts [we]re alleged which would support a finding of fraudulent concealment," and, therefore, it was not necessary for the Court to determine whether the statute of limitations had been tolled. Id.

The Administrator first argues that the statements in Phillips regarding the applicability of the fraudulent concealment exception to this particular statute of limitations are merely dicta, to which we need not afford the effect of stare decisis. See, e.g., Dotson v. Blake, 29 S.W.3d 26, 30 (Tenn. 2000) (quoting State ex rel. Pitts v. Nashville Baseball Club, 154 S.W. 1151, 1155 (Tenn. 1913) ("[S]tare decisis 'only applies with reference to decisions directly upon the point in controversy' and 'only arises in respect of decisions directly upon the points in issue.'")). For that reason, he submits that this Court is not bound by Phillips as precedent. Next, the Administrator argues that even if Tennessee Code Annotated section 32-4-108 is considered a statute of limitations, it is not subject to any exceptions except those specified in the statute. This argument is necessarily based on the statutory construction canon *expressio unius est exclusio alterius* – to mention one thing is to exclude others. See Overstreet v. TRW Commercial Steering Div., 256 S.W.3d 626, 633 (Tenn. 2008). Because the statute includes an exception to the limitations period for minors and those who are "of unsound mind," the Administrator contends that the General Assembly

did not intend for there to be any other exceptions to the two-year requirement, including one for fraudulent concealment. Finally, the Administrator argues that good policy reasons trump any reason to allow tolling for fraudulent concealment.

As to the first argument, even if the language in Phillips technically qualifies as dicta, the case has persuasive value and, more importantly, is entirely consistent with the established law of this state. It is well-settled in Tennessee that statutes of limitations may be tolled for a period of time where the defendant has taken actions to fraudulently conceal a cause of action. See, e.g., Fahrner v. SW Mfg., Inc., 48 S.W.3d 141, 145 (Tenn. 2001) ("Tennessee law has long recognized that the statute of limitations does not begin to run until the plaintiff, exercising reasonable diligence, discovers the fraud which the defendant wrongfully concealed."); Vance v. Schulder, 547 S.W.2d 927, 930 (Tenn. 1977) ("Fraudulent concealment of the cause of action by the defendant tolls the statute of limitations. It begins to run as of the time of the discovery of the fraud by the plaintiff."); Bodne v. Austin, 2 S.W.2d 104, 105 (Tenn. 1928) (quoting Whaley v. Catlett, 53 S.W. 131, 134 (Tenn. 1899)) ("[F]raudulent concealment of the cause of action will prevent the running of the statute."); Boro v. Hidell, 120 S.W. 961, 965 (Tenn. 1909) (citing several Tennessee cases supporting the rule that fraudulent concealment tolls a statute of limitations). Further, the Court of Appeals has found that fraudulent concealment, once established by the proof, can toll the very statute of limitations at issue today. See, e.g., Nichols, 2005 WL 3555574, at *11; Roza v. Estate of Reed, No. 01A01-9303-CV-0013, 1993 WL 439872, at *2-3 (Tenn. Ct. App. Oct. 29, 1993).

Secondly, the *expressio unius* canon should be applied flexibly; "[c]anons of construction, though helpful, should always be tested against the other interpretive tools at a court's disposal." In re Estate of Tanner, 295 S.W.3d 610, 625 n.13 (Tenn. 2009). Although some statutes expressly provide that fraudulent concealment is an exception to the statute of limitations, courts have also traditionally applied this rule without any statutory reference. See, e.g., Lindsey v. Allstate Ins. Co., 34 F. Supp. 2d 636, 649 (W.D. Tenn. 1999) (holding that fraudulent concealment tolls Tennessee Code Annotated section 47-18-110, the statute of limitations in the Tennessee Consumer Protection Act); Ray v. Scheibert, 450 S.W.2d 578, 579-80 (Tenn. 1969) (holding that the running of a limitations period applicable to injuries to the person is tolled when the defendant fraudulently conceals the cause of action from the plaintiff); Albert v. Sherman, 67 S.W.2d 140, 141 (Tenn. 1934) (holding that fraudulent concealment of a cause of action for personal injuries will toll statute of limitations). "[The l]egislature is presumed to know the state of the law on the subject under consideration at the time it enacts legislation." Lavin v. Jordan, 16 S.W.3d 362, 368 (Tenn. 2000) (quoting Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 899 (Tenn. 1992)). Because courts may infer that our legislature knew that fraudulent concealment would typically apply as an exception to a statute of limitations, there is little reason to interpret section 32-4-108

in the manner advocated by the Administrator.

As support for his contention that no implicit exceptions to the two-year limitation should apply, the Administrator cites the importance of finality in the administration of estates. While finality is a worthy goal, the traditional tolling of the limitations period for fraudulent concealment should cause minimal inconvenience in this area of the law. The fraud, standing alone, does not toll the statute of limitations; it is the concealment of the fraud that tolls the procedural bar. Phillips, 526 S.W.2d at 440. Years ago, in Woodfolk v. Marley, 40 S.W. 479, 480 (Tenn. 1897), this Court explained the nature of fraudulent concealment:

> [T]he authorities . . . agree to the proposition that the defrauded party must not be guilty of laches in ascertaining the fraud complained of, and that he was not only not informed of it, but could not have been by his exercise of reasonable diligence. In other words, in claiming exemption from the operation of the statute he must aver and show that his continued ignorance of the fraud was without fault or negligence on his part.

Id. In order to establish a fraudulent concealment that serves to toll a statute of limitations, there must be proof that the cause of action was knowingly concealed from the plaintiff by an actor who withheld information, misled the plaintiff, or failed to disclose despite a duty to do so, and that because of this concealment, the plaintiff could not have discovered the cause of action while exercising reasonable care and diligence. Pero's Steak & Spaghetti House v. Lee, 90 S.W.3d 614, 625 (Tenn. 2002). As stated, mere ignorance of a possible cause of action does not toll the statute. See Phillips, 526 S.W.2d at 440. We, therefore, hold that the two-year limitations period set forth in section 32-4-108 is subject to tolling for fraudulent concealment.

## Conclusion

Because Tennessee Code Annotated section 32-4-108 qualifies as a statute of limitations subject to tolling by fraudulent concealment, and because the Administrator has not contested on appeal whether there is a genuine issue of material fact as to the fraudulent concealment of the 1996 Will, we affirm the order of the trial court denying the Administrator's motion for summary judgment. Costs are assessed against the estate of Ms. Davis, for which execution may issue if necessary.

_____
GARY R. WADE, JUSTICE

-10-