Woodfolk *v.* Marley.

WOODFOLK *v.* MARLEY.

98   467
116  376
116  377

(*Nashville.*    April  3,  1897.)

1. RESCISSION.  *Laches.*

A vendor's bill for rescission of a sale on account of the vendee's fraud, is properly dismissed on demurrer, as showing laches on the part of complainant, where it appears that he delayed suit for three years after discovery of the facts constituting the alleged fraud.  (*Post, pp. 470, 471.*)

Cases cited and approved: Knuckolls *v.* Lea, 10 Hum., 576; Ruohs *v.* Bank, 94 Tenn., 73; 93 U. S., 62.

2. SAME.  *Barred, when.*

A vendor's bill for rescission of a sale on account of the vendee's fraud, is properly dismissed on demurrer, as showing a claim barred by the statute of limitations, where it appears that suit was brought after the vendee had been in possession under his contract for seven years, and the complainant does not aver ignorance, without his own fault, of the alleged fraud.  (*Post, pp. 471–473.*)

Cases cited and approved: Nicholson *v.* Lauderdale, 3 Hum., 200; Shelby *v.* Shelby, Cooke, 183; Peck *v.* Bullard, 2 Hum., 41; Haynie *v.* Hall, 5 Hum., 290; 22 Wall., 347; 136 U. S., 386.

---

FROM  DAVIDSON.

---

Appeal from Chancery Court of Davidson County. T. H. MALONE, Ch.

J. B. DANIEL and ADDISON COOPER for Wood-
folk.

JAMES OLDHAM, SPL. HILL, and CHAS. C. TRABUE,
for Marley.

BEARD, J.  The bill in this cause alleges that
in 1867 the ancestor of complainant executed and
delivered a deed to the defendant, Marley, conveying
several tracts of land lying in Lauderdale and Obion
Counties, in this State, aggregating 11,000 or 12,-
000 acres, and that at the same time Marley ex-
ecuted a secret defeasance to the grantor, in which
he admitted that he held the title in the interest of
and for his vendor, subject to some small compen-
sation which Marley was to have for managing and
selling these lands.  The bill further alleges that in
1881 the original grantor died the equitable owner
of this property, leaving surviving him the com-
plainant and a younger brother and sister, and that
soon thereafter the defendant, Marley, and complain-
ant entered into an agreement that they would buy
out the undivided interest therein of this young
brother and sister of complainant, and they did do
so; that when the purchase was made the deeds of
these vendors for their one-third each were made to
defendant, Marley, as it was not deemed advisable
for complainant to be known in the matter.  While
the bill disclaims all purpose on the part of com-
plainant to deceive or defraud his brother and sister
in this transaction, it does make the singular con-

Woodfolk v. Marley.

fession for one who comes into equity for relief, that the purpose of Marley (a purpose of which complainant does not pretend ignorance), in forming this partnership, "was to obtain complainant's aid and influence in inducing his brother and sister to sell, as said Marley well knew complainant was the oldest of the children, and that the brother and sister would not sell their interest unless advised by him to do so, and that he did advise them."

The consideration paid these vendors for their interests, was about $1,800 each, or $3,600 for the whole. This transaction was completed in 1884, the result of which was that complainant was the owner of a two-thirds interest in this property, and Marley of the other one-third. Complainant further alleges that in 1888 Marley came to his home in Maury County, in this State, and, representing that said lands were not worth more than $4,500, proposed to pay complainant $3,000 for his interest in them, and that complainant, knowing nothing of their value, and relying altogether on what Marley stated, accepted his proposition and executed a deed for his undivided interest to him. Complainant, in his bill, states "he had never seen all the lands." The bill further alleges that, in 1893, complainant, for the first time, learned that his two-thirds interest in these lands was worth, at the time of his deed in 1888, the sum of $50,000, and that "the real value of these lands" was purposely and designedly concealed from and fraudulently misrepresented to com-

plainant, by Marley, in order that he might make
his purchase at a grossly inadequate price.    Upon
those averments a rescission is asked.

To this bill a demurrer was filed, setting forth
several grounds, and among them laches, the statute
of limitations of seven years, and a failure to charge
such fraudulent concealment of the cause of action
as would prevent the statutory bar.    The demurrer
was sustained, on the grounds indicated above, and
the bill was dismissed.    On appeal, this decree of
the Chancellor has been affirmed by the Court of
Chancery Appeals.    Errors are now assigned upon
this last decree.    We think the decrees of these
respective Courts are right in all particulars.

1.  It is well settled that, where a vendor seeks
to rescind for fraud upon the part of the vendee,
he must act promptly upon the discovery of the
facts constituting the fraud.    In *Knuckolls* v. *Lea*,
10 Hum., 576, in a case where a vendee asked to be
relieved from his purchase upon the ground that his
vendor had concealed and misrepresented the character
of the property purchased, this Court declined to give
him relief, among other grounds, upon that of laches,
saying that "the complainant comes too late; he
should . have sought this remedy as soon as he as-
certained that it was needed for the effectuation of
justice to himself."    This rule is recognized again
by this Court in *Ruohs* v. *Bank*, 10 Pick., 73,
where the case of *Grymes* v. *Sanders*, 93 U. S., 62,
is referred to approvingly.    In this latter case, the

Supreme Court of the United States said: "Where a party desires to rescind upon the ground of mistake or fraud, he must, on discovery of the facts, at once announce his purpose and adhere to it. . . . Delay and vacillation are fatal to the right which had before subsisted." In the case at bar, the complainant confesses that he became advised of Marley's misrepresentation in 1893, and yet, he did not file his bill until July 18, 1896. This was too late.

2. The statute of limitations was equally fatal to complainant's claim. The bill shows a possession by Marley, under his purchase from complainant, for a period longer than seven years prior to the institution of these proceedings. This is sufficient to bar recovery, unless it be that, by some device of defendant, complainant's cause of action was fraudulently concealed from him. The misrepresentation, which is the gravamen of this bill, was as to the value of the property; but the fraudulent conduct of defendant, by which his purchase was effectuated, is, of itself, no impediment to the running of the statute. It is not the fraud, but its concealment by the party perpetrating it, unmixed with fault or negligence on the part of him who complains, which works this result.

In the case at bar, no suggestion is made of any method adopted by defendant by which he succeeded in concealing the true value of the lands from 1888 to 1893. No act of his which tended

to prevent, during this period, complainant from ascertaining for himself whether he had been imposed on in this matter, is averred in the bill. It is apparent that the value of this property was a fact which could neither conceal itself, nor was it capable of concealment, as against any degree of diligence on the part of complainant. He lived in the county of Maury, while the lands in controversy lie in the western part of the State, easily accessible to him, and no reason is given why he did not, or could not at an earlier day, inform himself of the fraud of which he now complains.

Independent of other objections, a bill so lacking in essential averments cannot be maintained. While we do not understand the authorities to go to the extent of holding that, to stop the statute of limitations, concealment must exist in the sense of the fraudulent party having used positive or affirmative means to cover his acts, or that a special duty of discovery growing out of some trust relation is a condition precedent, they do agree to the proposition that the defrauded party must not be guilty of laches in ascertaining the fraud complained of, and that he was not only not informed of it, but could not have been by his exercise of reasonable diligence. In other words, in claiming exemption from the operation of the statute, he must aver and show that his continued ignorance of the fraud was without fault or negligence on his part.

It is sufficient to refer to the following author-

Woodfolk *v.* Marley.

ities as illustrating these views: 2 Pomeroy's Eq. Sec. 917; *Bailey* v. *Glover*, 22 Wall., 347; *Norris* v. *Huggins*, 136 U. S., 386; *Nicholson* v. *Lauderdale*, 3 Hum., 200; *Shelby* v. *Shelby*, Cooke, 183; *Peck* v. *Bullard*, 2 Hum., 41; *Haynie* v. *Hall*, 5 Hum., 290.

It follows that complainants' bill was properly dismissed, and the decree so ordering is affirmed.