Irene Hampton PHILLIPS and B. J. Boyd, as Executor of the Estate of E. T. Phillips, Appellants,

v.

C. N. PHILLIPS et al., Appellees.

Supreme Court of Tennessee.

Aug. 18, 1975.

Alfred T. Adams, Jr., I. Dyke Tatum, Nashville, for appellants.

Gary J. Hodges, Erin, for appellees.

## OPINION

COOPER, Justice.

This is an action to set aside the probate of the will of Mabel May Phillips. The defendants moved for a summary judgment, pleading the seven year limitation on actions set forth in T.C.A. 32–410. The trial judge overruled the motion and certified the issue to this court pursuant to T.C.A. 27–305. The sole issue is whether the action is barred by the statute of limitations.

To set the scene and to give the chronological course of events, plaintiffs, C. N. Phillips, Mattie P. Davis, and Ellen Groves, are the brother and sisters of Mabel May Phillips, who died on May 28, 1965. The will under attack was probated in the County Court of Cheatham County on June 7, 1965. Under the terms of the will, the entire estate of Mabel May Phillips passed to E. T. Phillips, a brother of the testatrix. E. T. Phillips died testate on August 31, 1973, leaving his entire estate, including property taken under the will of Mabel May Phillips, to his wife, Irene Hampton Phillips. Plaintiff filed this action on May 9, 1974, against Irene Hampton Phillips and B. J. Boyd, as executor of the estate of E. T. Phillips, charging in substance that the probated will of Mabel May Phillips was a forgery.

According to the complaint and the affidavit filed in support thereof, upon the death of E. T. Phillips the plaintiffs made inquiry into the ownership of the property of their deceased sister, Mabel May Phillips, and learned at that time of the probate of the will now under attack. On learning of the will, they made further investigation and were informed by a handwriting expert that the signature on the will probated was not the signature of Miss Phillips but was a forgery, and that the forgery could not be detected by other than an expert. Plaintiffs further charged that the forgery was

known, or should have been known to E.T. Phillips, at the time the will was probated and that E. T. Phillips practiced a fraud upon the County Court of Cheatham County and upon the plaintiffs by probating the will.

T.C.A. 32–410 provides that *all* actions or proceedings to set aside the probate of a will of realty or personalty, or petitions to certify such will for an issue *devisavit vel non*, must be brought within seven years from the entry of the order of probate of such will or be forever barred. The only exception is in favor of persons under twenty-one years of age or of unsound mind at the time the cause of action accrued, who may commence the action after removal of such disability within the time limitation for the particular cause of action, unless it exceeds three years, and in that case within three years from the removal of such disability. T.C.A. sections 32–410 and 28–107. No exception is made where the probate of a will is sought to be set aside on the ground that the will is not the true will of the testatrix, with the allegation being that the will was a result of either fraud or forgery as is charged in this case.

The present action was filed more than seven years after the will of Mabel May Phillips was probated. Further, the record shows that none of the plaintiffs comes within the exception stated in T.C.A. 32–410 as each was of sound mind and was more than twenty-one years of age when the will was probated. The question is do they come within an exception implicit in T.C.A. 32–410?

█ In considering general statutes of limitation, this court has recognized an exception not voiced in the statutes and which tolls the statute where, due to fraudulent concealment, a plaintiff is unaware of his cause of action. *Woodfolk v. Marley*, 98 Tenn. 467, 40 S.W. 479; *Porter's Lessee v. Cocke*, 7 Tenn. 30; *Shelby's Heirs v. Shelby*, 3 Tenn. 179. However, while fraudulent concealment of a cause of action will toll a general statute of limitations, fraud in and of itself will not.

"It is not the fraud, but its concealment by the party perpetrating it, unmixed with fault or negligence on the part of him who complains, which works this result." *Woodfolk v. Marley*, 98 Tenn. 467, 471, 40 S.W. 479, 480 (1896).

█ We know of no basic reason why the fraudulent concealment exception should not be applicable to the special statute of limitations voiced in T.C.A. 32–410. However, in this case no facts are alleged which would support a finding of fraudulent concealment. To the contrary, the record shows there was no concealment of the will of Mabel May Phillips or of the signature on the will. The will was of public record for more than nine years before plaintiffs filed this action. Being of public record, the will was available at all times for examination by the plaintiffs or any handwriting expert chosen by them. The plaintiffs, however, elected not to make inquiry into the authenticity of the will until after the death of their brother, E. T. Phillips, who was the principal beneficiary of the will of Mabel May Phillips. By then, the seven year limitation on the bringing of actions to set aside the probate of a will had passed and plaintiffs' action was barred.

The decree of the trial judge is reversed and the action is dismissed. Costs incident to the appeal are adjudged against the plaintiffs, C. N. Phillips, Mattie P. Davis, and Ellen Groves, and their surety.

HENRY, HARBISON and BROCK, JJ., and LEECH, Special Justice, concur.