# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
August 21, 2003 Session

## IN RE: ESTATE OF ILENE S. RAMEY

**Appeal from the Chancery Court for Sullivan County**
**No. C0016438      Richard E. Ladd, Chancellor**

**FILED JANUARY 8, 2004**

**No. E2003-00544-COA-R3-CV**

---

At issue in this appeal is whether this will contest action, brought by Tommy Snapp and Eddie Snapp as intestate heirs at law, is barred by the applicable two-year statute of limitations found at T.C.A. 32-4-108. Plaintiffs have challenged the validity of the will of Ilene S. Ramey on grounds that it was executed outside the presence of two witnesses as required by T.C.A. 32-1-104. In their complaint they allege that the witnesses to the will were wrongfully coerced by their employment supervisor, Defendant Sherri H. Jones, to sign affidavits falsely stating that they were in the presence of Ms. Ramey when she executed her will. The Trial Court held the action to be time-barred because it was filed more than three years after admission of the will to probate, ruling that "under the authority of *Phillips v. Phillips*, 526 S.W.2d 439 (Tenn.1975), the Complaint alleges no facts that could amount to a concealment of the claim." The Court dismissed the complaint under Tenn.R.Civ.P. 12.02(6) for failure to state a claim upon which relief can be granted. We affirm.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;**
**Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., JJ., joined.

Michael A. Eastridge, Johnson City, for the Appellants, Tommy Snapp and Eddie Snapp

Robert L. Arrington, Kingsport, for the Appellee, Sherri H. Jones

### OPINION

The Plaintiffs filed their complaint on November 12, 2002. It alleges the following, as quoted verbatim in relevant part:

> 1. Ilene S. Ramey executed a document purporting to be her Last Will and Testament dated April 20, 1998 outside the presence of two witnesses as prescribed by statute, T.C.A. 32-1-104.

2.  Ilene S. Ramey died on June 5, 1999.  Tommy Snapp and Eddie Snapp are interested parties as intestate heirs at law of the estate of Ilene S. Ramey.

3.  The Estate of Ilene S. Ramey was opened under Case Number P-99-10561 on July 23, 1999 by the appointment of Executor, Sherri H. Jones.

4.  The witnesses, Leslie Hubbard, Rebeccah Segrest, and Julie Workman were wrongfully coerced by their employment supervisor, Sherri H. Jones, in signing the Last Will and Testament of Ilene S. Ramey, outside the presence of Ilene S. Ramey, and were further coerced in executing affidavit[s] on June 14, 1999 stating that they were in fact in the presence of the testatrix, Ilene S. Ramey, and in the presence of each other upon the execution of her Will.

5.  Sherri H. Jones has fraudulently concealed the true nature of the lawfully prescribed disposition of the decedent's estate by knowingly and fraudulently presenting an invalid Will to be administered through the Probate Court of Sullivan County, Tennessee, Chancery Division.

The Defendant, Ms. Jones, filed a Tenn.R.Civ.P. 12.02(6) motion to dismiss which alleged that "from the face of the Complaint, that this action is barred by the statute of limitations set forth in Tenn. Code Ann. 32-4-108, as interpreted by the Supreme Court of Tennessee in the case of *Phillips v. Phillips*, 526 S.W.2d 439 (Tenn.1975)."  After a hearing held on January 10, 2003, the Trial Court granted Defendant's motion.  The Plaintiffs appeal, raising the issue, which we restate, of whether the Trial Court erred in failing to find that the statute of limitations should be tolled due to the alleged fraudulent concealment in procuring the affidavits as alleged in the complaint quoted above.

The Supreme Court has stated the following as regards our standard of review in this case in *Doe v. Sundquist,* 2 S.W.3d 919 (Tenn. 1999):

> This case is on appeal from the trial court's dismissal of the plaintiffs' suit for failure to state a claim upon which relief can be granted. Tenn. R. Civ. P. 12.02(6).  A Rule 12.02(6) motion tests the legal sufficiency of the plaintiff's complaint and not the strength of the plaintiff's evidence.  *Riggs v. Burson*, 941 S.W.2d 44, 47 (Tenn.1997).  In ruling on such a motion, courts must construe the complaint in favor of the plaintiff, accept the allegations of fact as true, and deny the motion unless it appears that the plaintiff can establish no facts supporting the claim that would warrant relief.  *Id.* When the trial court's grant of a Rule 12.02(6) motion to dismiss is appealed, we must take the factual allegations contained in the complaint as true and review the lower court's legal conclusions *de*

*novo* without a presumption of correctness. *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn.1997).

*Doe v. Sundquist*, 2 S.W.3d at page 922.

Both parties cite *Phillips v. Phillips*, 526 S.W.2d 439 (Tenn.1975) as controlling authority in this case, and each party argues that it supports his or her respective position. The *Phillips* court stated as follows in relevant part:

> In considering general statutes of limitation, this court has recognized an exception not voiced in the statutes and which tolls the statute where, due to fraudulent concealment, a plaintiff is unaware of his cause of action. *Woodfolk v. Marley*, 98 Tenn. 467, 40 S.W. 479; *Porter's Lessee v. Cocke*, 7 Tenn. 30; *Shelby's Heirs v. Shelby*, 3 Tenn. 179. However, while fraudulent concealment of a cause of action will toll a general statute of limitations, fraud in and of itself will not.
>
> > 'It is not the fraud, but its concealment by the party perpetrating it, unmixed with fault or negligence on the part of him who complains, which works this result.' *Woodfolk v. Marley*, 98 Tenn. 467, 471, 40 S.W. 479, 480 (1896).
>
> We know of no basic reason why the fraudulent concealment exception should not be applicable to the special statute of limitations voiced in T.C.A. 32--410. However, in this case no facts are alleged which would support a finding of fraudulent concealment. To the contrary, the record shows there was no concealment of the will of Mabel May Phillips or of the signature on the will. The will was of public record for more than nine years before plaintiffs filed this action. Being of public record, the will was available at all times for examination by the plaintiffs or any handwriting expert chosen by them. The plaintiffs, however, elected not to make inquiry into the authenticity of the will until after the death of their brother, E. T. Phillips, who was the principal beneficiary of the will of Mabel May Phillips. By then, the seven year limitation on the bringing of actions to set aside the probate of a will had passed and plaintiffs' action was barred.

*Phillips*, 526 S.W.2d at page 440.

The pertinent statute, T.C.A. 32-4-108, has been amended subsequent to the *Phillips* decision to shorten the limitations period from seven to two years. It states as follows:

-3-

> All actions or proceedings to set aside the probate of any will, or petitions to certify such will for an issue of devisavit vel non, must be brought within two (2) years from entry of the order admitting the will to probate, or be forever barred, saving, however, to persons under the age of eighteen (18) years or of unsound mind, at the time the cause of action accrues, the rights conferred by § 28-1-106.

Although the facts in the *Phillips* case are slightly different from those here, in that the will in *Phillips* was alleged to be a forgery and the will in this case is alleged to be invalid due to a lack of attesting witnesses, we find *Phillips* to be controlling and indistinguishable. We agree with the Trial Court that the complaint sets forth no facts which would support an allegation of fraudulent concealment. Similar to *Phillips*, the will in the present case was of public record for more than two years following its admission, as were the affidavits containing the signatures allegedly fraudulently obtained. There is no allegation that the Defendant concealed anything subsequent to the time the will was admitted to probate, which is the event triggering the beginning of the limitations period.

For the foregoing reasons the judgment of the Trial Court is affirmed, the complaint dismissed and the cause remanded for collection of costs below which are, as are costs of appeal, adjudged against the Appellants, Tommy Snapp and Eddie Snapp, and their surety.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE