IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
AUGUST 15, 2005 Session

# VICKI LYNN GASS NICHOLS v. LYNN ALLEN SCHUBERT, ET AL.

**Direct Appeal from the Probate Court for Davidson County**
**Nos. 03-3892-I & 02P-1470     Randy Kennedy, Judge**

_____

**No. M2004-02567-COA-R3-CV- Filed December 28, 2005**

_____

The wife died in 1998, and her holographic will was admitted to probate and the estate closed. In 2002, the husband died, and his formally executed will was admitted to probate. Thereafter, his executrix determined that a question existed concerning the ownership interest in the marital residence held by the husband at his death. As a result, the executrix filed a declaratory judgment action in the probate court to construe the wife's holographic will. At trial, the wife's daughter by a previous marriage attempted to prove that the wife's holographic will was a forgery. The trial court determined that the daughter's proof was not credible, and the court ruled that the wife's holographic will vested fee simple title of the marital residence in the husband following her death. The wife's daughter filed a motion for a new trial. While the motion was pending, the daughter filed an action in the chancery court against the husband's children from a previous marriage asserting, in essence, the same allegations she raised in the probate court action. The probate court subsequently denied the daughter's motion for a new trial. In turn, the chancery court transferred the complaint to the probate court, and the probate court entered an order dismissing the complaint. The daughter filed an appeal to this Court raising numerous issues related to the declaratory judgment action and the compliant filed in chancery court. As for the declaratory judgment action, we are without jurisdiction to entertain issues related to that case since the daughter failed to file a timely appeal. As for the complaint the daughter filed in chancery court, we find that it is, in essence, an action to contest the validity of the holographic will of her mother. As such, it is barred by the applicable statute of limitations. Therefore, the probate court was correct in dismissing the complaint. Moreover, we remand this case to the trial court for the entry of an award of damages to the Appellees for the Appellant's filing of a frivolous appeal.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Probate Court Affirmed and
Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Dennis L. Tomlin, Hendersonville, TN, for Appellant

Andra J. Hedrick; Jennifer Orr Locklin, Nashville, TN, for Appellees

**OPINION**

**I.**

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Edsel R. Allen, Sr. ("Mr. Allen") and Enola Marie Allen ("Mrs. Allen") were married in July of 1977. The couple never had any children of their marriage. However, Mr. Allen had two children from a previous marriage, Edsel R. Allen, Jr. and Lynn Allen Schubert ("Ms. Schubert" or, collectively with Edsel R. Allen, Jr., "Mr. Allen's Children"), and Mrs. Allen had two children from a previous marriage, Anthony Langley and Vicki Nichols ("Ms. Nichols" or, collectively with Anthony Langley, "Mrs. Allen's Children"). In November of 1977, Mr. Allen and Mrs. Allen purchased a home located on Gaylemore Drive in Goodlettsville, Tennessee (hereinafter the "Goodlettsville Property") as tenants by the entirety. In 1990, Mr. Allen executed a quitclaim deed conveying his interest in the Goodlettsville Property to Mrs. Allen.

Mrs. Allen died in June of 1998. It was originally believed that Mrs. Allen died intestate. Shortly after her death, Judge Frank Clement, Jr.[1] of the Probate Court of Davidson County issued an order providing as follows:

> It appearing to the court . . . that the decedent left no will; that petitioner is the husband of the decedent and is the person entitled to serve as administrator; *that decedent owned no real property at her death* and personal property in the approximate amount of $50,000.00, which is subject to a court supervised administration by this Court . . . .
> IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED by the Court that the clerk be directed to issue letters of administration to Edsel Ray Allen . . . .

(emphasis added). Not long after the probate court entered the order, Mr. Allen filed a petition providing, in relevant part, as follows:

> Recently petitioner visited a friend who presented him with a document dated February 14, 1997, which appears to be in the handwriting of Enola Marie Allen. It bears her signature and the signature of [two witnesses].

---

[1] Judge Clement was appointed to the Tennessee Court of Appeals in September of 2003 by Governor Phil Bredesen. Tennessee Administrative Office of the Courts, http://www.tsc.state.tn.us/geninfo/Bio/Appeals/Biotca.htm (last visited Oct. 24, 2005).

. . . .

PREMISES CONSIDERED, petitioner prays:
1.      That the document dated February 14, 1997, bearing the signature of Enola Marie Allen and [the two witnesses] be admitted to probate as the Last Will and Testament of Enola Marie Allen.

Specifically, the handwritten document stated, in relevant part, that "I Enola Marie Allen in sound mind request that my Husband Edsel R. Allen . . . to get my Dow Corning monies[2] or estate he is the one that has put up with and taken care of me when no one else would."

In light of this new document, the probate court entered an order on April 14, 1999 finding as follows:

> [I]t appearing to the Court . . . that said paper was written in the lifetime of the deceased and signed by the witnesses in the presence and at the request of the deceased and in the presence of each other and as attesting witnesses thereto, and that said instrument was executed by the deceased who was at the time of sound mind and disposing memory . . . .
> IT IS, FURTHER, ORDERED, ADJUDGED and DECREED by the Court that said instrument is the true and Last Will and Testament of the deceased, and the Clerk of this Court is hereby directed to file and record the same, and that the said Edsel Ray Allen, who was heretofore appointed administrator of the estate is appointed Administrator, c.t.a. to serve and no additional bond shall be required.

Mr. Allen subsequently submitted an "Estate Inventory" listing all of Mrs. Allen's personal property valued at $29,000, but the inventory did not reveal any real property owned by Mrs. Allen at her death. In any event, Mrs. Allen's estate was eventually closed, and her personal property was distributed. However, the Goodlettsville Property remained titled in Mrs. Allen's name following the probate of her holographic will. Mr. Allen continued to live at the Goodlettsville Property paying double the mortgage payment each month, paying the property taxes, and paying for the maintenance expenses on the property. Ms. Nichols began residing at the Goodlettsville Property with Mr. Allen in January of 2002 following her release from prison.

On August 22, 2002, Mr. Allen died a resident of Davidson County, Tennessee. Mr. Allen left a formally executed "Last Will and Testament" which purported to name Ms. Schubert as his

---

[2] Apparently, Mrs. Allen was anticipating a settlement from a lawsuit against this company for complications related to her breast implants.

executrix and to devise to Mr. Allen's Children any real property he owned at his death. Shortly after Mr. Allen's death, Ms. Schubert filed a "Petition to Probate Will and for Letters Testamentary" in the Probate Court of Davidson County wherein she stated that, "[a]t the time of death, the deceased owned no real property." Ms. Schubert subsequently filed a motion seeking to have the probate court construe Mrs. Allen's holographic will. Therein, Ms. Schubert noted that the probate court did not dispose of the Goodlettsville Property when it probated Mrs. Allen's estate. Specifically, she asked the probate court to determine if Mr. Allen owned the Goodlettsville Property in fee simple at his death or if he merely held an interest in the property along with other persons.

The probate court subsequently ruled that a motion to construe Mrs. Allen's holographic will was not the proper pleading and that Ms. Schubert needed to file a complaint. In turn, Mr. Allen's Children filed a declaratory judgment action, pursuant to section 29-14-105(3) of the Tennessee Code,[3] against Mrs. Allen's estate and Mrs. Allen's Children seeking construction of Mrs. Allen's holographic will to ascertain the ownership interests in the Goodlettsville Property. On September 23, 2003, Judge Clement conducted a hearing on the declaratory judgment complaint filed by Mr. Allen's Children. No court reporter attended the trial, and we have no statement of the evidence filed on appeal summarizing the evidence presented below. At the hearing, Ms. Nichols apparently attempted to prove that the document admitted to probate as Mrs. Allen's holographic will was a forged instrument. Ms. Nichols presented her own testimony and that of Lois Marlene Sloan ("Ms. Sloan"), one of the witnesses to the holographic will, in an effort to prove the document was a forgery. According to Ms. Nichols, Mrs. Allen kept her "real will" behind a clock at the Goodlettsville Property. The "real will" was never produced at trial. On October 6, 2003, Judge Clement entered an order finding as follows:

> 2.      The holographic will of Enola Marie Allen was properly
> admitted to probate by this Court . . . as the Last Will and Testament
> of Enola Marie Allen; . . . and the time period in which any interested
> party could contest such will has expired.

---

[3] Section 29-14-105 of the Tennessee Code provides as follows:

> Any person interested as or through an executor, administrator, trustee, guardian, or other fiduciary, creditor, devisee, legatee, heir, next of kin, or cestui que trust, in the administration of a trust, or of the estate of a decedent, an infant, lunatic, or insolvent may have a declaration of rights or legal relations in respect thereto to:
>
> . . . .
>
> (3) determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings.

Tenn. Code Ann. § 29-14-105(3) (2003).

> 3.     Under the holographic will . . . *Ms. Allen intended to devise and bequeath, and did devise and bequeath, her entire estate, including the [Goodlettsville Property], to her husband, Edsel R. Allen, Sr.* The Court's determination as to the intention of Ms. Allen is based on an examination of the four corners of Ms. Allen's will, the words used by Ms. Allen in her will, particularly the word "estate," and the terms of endearment used by Ms. Allen in her will relative to the care that Ms. Allen received from her husband. In making such determination, the Court also relied on the legal presumption against intestacy.
>
> 4.     At the death of Edsel R. Allen, Sr., all right, title, and interest owned by Edsel R. Allen, Sr. passed under his Last Will and Testament, which has been duly admitted to probate by this Court . . . , to [Mr. Allen's Children].

(emphasis added).

On October 22, 2003, Ms. Nichols filed a "Motion for New Trial" in the probate court. Therein she argued that the court erred in admitting Mrs. Allen's will into probate because it was a forgery. Ms. Nichols asserted that she had newly discovered evidence of the alleged forgery. In support of her motion, Ms. Nichols submitted her own affidavit which, in essence, recounted her testimony at trial. She pointed to the fact that, since she was incarcerated in 1999, she was unable to contest the allegedly forged holographic will until her release from prison. Ms. Nichols also recounted in her motion the testimony of Ms. Sloan offered at trial. In addition to her own affidavit, Ms. Nichols submitted the affidavit of Rebecca Swift ("Ms. Swift"), Mrs. Allen's sister, stating that the handwriting on the holographic will was not that of her sister. Ms. Swift indicated that she had obtained certain writings of her sister which could be used to prove the holographic will was a forgery. When Ms. Nichols filed her "Motion for New Trial," Judge Mary Ashley Nichols was sitting as a substitute probate court judge until the vacancy created by Judge Clement's appointment to the Tennessee Court of Appeals could be filled. Judge Nichols, being unfamiliar with the particulars of the case, continued the hearing on the motion.

On October 27, 2003, counsel for Ms. Nichols sent "post-judgment interrogatories" to counsel for Mr. Allen's Children. In the interrogatories, counsel for Ms. Nichols sought information regarding, among other things, the facts surrounding the location of the holographic will when it was discovered, who discovered it, the individual who presented it to Mr. Allen, who traced Mrs. Allen's signature on the probated holographic will, and who destroyed Mrs. Allen's personal papers. Counsel for Ms. Nichols also sent a letter to counsel for Mr. Allen's Children stating that he "need[s] to know the identity of the man who allegedly gave the alleged Will to Mr. Allen so I can find out who printed the alleged Will." Enclosed in the letter was a request that Mr. Allen's Children "produce all documents or Wills you, your agents, representatives or Attorneys have which are different than the one filed for probate." Counsel for Mr. Allen's Children responded to the discovery requests by sending a letter to counsel for Ms. Nichols stating that they would "not be

answering the Interrogatories as they are untimely and are wholly unwarranted at this time as this matter is no longer in front of the Court due to the judgment in favor of my clients."

While Ms. Nichols's motion for a new trial was pending in the probate court, she filed a complaint against Mr. Allen's Children in the Chancery Court of Davidson County on December 31, 2003 asserting, in essence, the same legal arguments raised in her motion for a new trial filed in the probate court. In support of her complaint, Ms. Nichols submitted the affidavit of a potential handwriting expert stating that the holographic will was not in the handwriting of Mrs. Allen. Ms. Nichols asked the chancery court to award her damages and to set aside the orders of the probate court. Thereafter, counsel for Mr. Allen's Children sent a "Rule 11 Notice Letter" to counsel for Ms. Nichols asking Ms. Nichols to either provide support for the allegations in her complaint or dismiss the complaint. Counsel for Ms. Nichols submitted a letter in response asserting the he complied with Rule 11 of the Tennessee Rules of Civil Procedure. On February 10, 2004, counsel for Mr. Allen's Children sent a letter to Judge Clement, a judge on the Tennessee Court of Appeals at the time, asserting that, since no transcript of the trial of the declaratory judgment action filed by Mr. Allen's Children existed, all of the attorneys were requesting that Judge Clement hear Ms. Nichols's motion for a new trial as a special judge pursuant to section 17-2-109 of the Tennessee Code.

On February 19, 2004, Judge Clement entered an order addressing Ms. Nichols's "Motion for New Trial," providing as follows:

> Since the undersigned presided over the trial at issue, it is incumbent upon the undersigned to rule upon the Motion For New Trial. The Davidson County Local Rules of Court permit the Court to waive oral arguments. Finding oral arguments would be of no benefit, the Court elects to rule on the motion without oral arguments.
>
> The issue is basically a question of whether the allegations of forgery and fraud alleged by Ms. Nichols, which were raised previously and testimony for which was presented at the trial at issue, justifies granting a new trial pursuant to Tenn. R. Civ. P. 60.02.
>
> Following the trial, the Court made numerous findings including without limitation that the proof was insufficient to substantiate the allegations of forgery or fraud. Particularly, *the Court found that the testimony of Ms. Nichols and Lois Marlene Sloan, who were the principal witnesses providing testimony concerning the allegations of forgery or fraud, to be less than credible and wholly inadequate to substantiate the allegations of forgery or fraud*. The Court has reviewed the Motion For a New Trial, the affidavits in support thereof and find them insufficient to justify granting a new trial.
>
> After consideration of all relevant factors, and recalling the pertinent testimony presented at trial, the Court finds that the movants

had more than ample opportunity to present their case on September 23, 2003, the evidence presented at the trial was wholly insufficient to sustain the allegations of forgery or fraud, and the grounds set forth in the motion and the facts set forth in the affidavits in support thereof fail to convince the Court that the trial should be set aside or a new trial should be granted. The movants simply want a second bite at the apple but have failed to provide a justification for another bite.

(emphasis added).

Thereafter, Mr. Allen's Children filed a motion in the chancery court seeking Rule 11 sanctions against Ms. Nichols and her counsel asserting that the complaint filed in chancery court was "factually frivolous and/or presented for an improper purpose." Mr. Allen's Children also filed a motion seeking to have the complaint dismissed pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure for failure to state a claim upon which relief could be granted. Ms. Nichols subsequently filed a motion in the probate court seeking to amend her motion for a new trial, despite the fact that Judge Clement had already issued an order denying the motion. In any event, the chancery court entered an order transferring Ms. Nichols's complaint to the probate court pursuant to the agreement of the judges of the probate and chancery courts.

Once the case was returned to the probate court, counsel for Ms. Nichols filed a response to the motion for Rule 11 sanctions filed by Mr. Allen's Children, wherein he asserted that it was permissible to file the complaint in chancery court seeking to set aside the probate court's orders. Ms. Nichols also filed an amended complaint in the probate court alleging that Mrs. Allen wrote a holographic will (the "real will") leaving her entire estate to Ms. Nichols, she saw the "real will" behind the clock at the Goodlettsville Property and read the will, and recounted her prior arguments that the will submitted to probate was a forgery and that Mr. Allen's Children had engaged in fraud by probating the will. In response to the amended complaint, Mr. Allen's Children filed a motion to dismiss the amended complaint pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure. On October 8, 2004, the probate court entered an order[4] granting the motion to dismiss filed by Mr. Allen's Children, stating:

> 1. The facts and causes of action alleged in the Plaintiff's "Amended and Substituted Complaint" have been previously heard and adjudicated by this Court. When this Court issued its previous Order . . . denying the Plaintiff's "Motion for New Trial," the Plaintiff could have elected to appeal the Court's ruling. However, the Plaintiff chose not to appeal the Court's ruling but, instead, filed a second lawsuit . . . in the Chancery Court (which was subsequently transferred to this Court) in an attempt to re-litigate the

---

[4] By the time the probate court entered the order, Judge Randy Kennedy had been appointed to fill the vacancy created when Judge Clement was elevated to the Tennessee Court of Appeals.

matters previously adjudicated by this Court. As the matters at issue are substantially identical to those previously adjudicated by the Court, the Court finds that the relief sought by the Plaintiff is barred under the legal doctrine of collateral estoppel.

2. The handwritten last will and testament of Enola Marie Allen, dated February 14, 1997, was admitted to probate by this Court on April 14, 1999, at which time the Plaintiff admittedly received notice of same and a copy of said last will and testament. *Tennessee Code Annotated Section 32-4-108 imposes a two year statute of limitations on the bringing of will contests which, with respect to the last will and testament of Enola Marie Allen, expired on April 14, 2001.* To the extent that the Plaintiff's "Amended and Substituted Complaint" is an attempt to contest the last will and testament of Enola Marie Allen, *such attempt is untimely and barred as the applicable statute of limitations has expired.*

(emphasis added). In response to the order dismissing her complaint, Ms. Nichols filed an appeal to this Court.

## II.
### DISCUSSION

On appeal, Ms. Nichols has raised nineteen (19) separate issues to contest various aspects of the aforementioned procedural history of this case. Many of the issues raised by Ms. Nichols address the propriety of certain actions taken by Judge Clement in adjudicating the declaratory judgment action filed by Mr. Allen's Children in the probate court to construe Mrs. Allen's holographic will. The remainder of the issues raised by Ms. Nichols on appeal address the disposition of the complaint she filed in the chancery court following the resolution of the declaratory judgment action. We find each of the issues raised by Ms. Nichols on appeal to be without merit.

Regarding the jurisdiction of the courts of this state to hear probate matters, the legislature enacted the following statute:

> *In all counties where not otherwise specifically provided by public, private, special or local acts*, all jurisdiction relating to the probate of wills and the administration of estates of every nature . . . is hereby vested in the chancery court of the respective counties. The chancery court in such counties shall have exclusive jurisdiction over the probate of wills and the administration of estates of every nature . . . .

-8-

Tenn. Code Ann. § 16-16-201(a) (2003) (emphasis added). "Expressly excluded from the application of the [statute] conferring probate jurisdiction on the chancery court are counties having probate courts otherwise provided by general law, or special, local, or private acts." 1 Jack W. Robinson, Sr. and Jeff Mobley, *Pritchard on the Law of Wills and Administration of Estates* § 39, at 65 (5th ed. 1994). In 1963, the Tennessee General Assembly created, by private act, the Probate Court of Davidson County. 1963 Tenn. Priv. ch. 124, § 1. Thus, the Probate Court of Davidson County properly had jurisdiction over the probate of Mr. Allen's and Mrs. Allen's estates.

We first address our ability to entertain issues raised by Ms. Nichols relating to the declaratory judgment action filed by Mr. Allen's Children in the probate court to construe Mrs. Allen's holographic will. Shortly after Mr. Allen's "Last Will and Testament" was admitted into probate, Mr. Allen's Children filed a declaratory judgment action in the probate court to construe the meaning of Mrs. Allen's holographic will. Judge Clement held a hearing on the declaratory judgment action on September 23, 2003, and he issued an order in favor of Mr. Allen's Children on October 6, 2003. Ms. Nichols filed her "Motion for New Trial" on October 22, 2003, which the probate court denied on February 19, 2004. Ms. Nichols did not file the instant appeal until October 13, 2004.

"This Court may *sua sponte* review the record on appeal to determine if we properly have jurisdiction." ***Huntington Nat'l Bank v. Hooker***, 840 S.W.2d 916, 922 (Tenn. Ct. App. 1991) (citing Tenn. R. App. P. 3(a)); *see also* Tenn. R. App. P. 13(b) (2005) ("The appellate court shall also consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review[.]")). When creating the Probate Court of Davidson County, the legislature provided "[t]hat all appeals from the Probate Court shall lie to the Court of Appeals or Supreme Court in the same manner as appeals from chancery courts." 1963 Priv. Acts ch. 124, § 5. "In an appeal as of right to the . . . Court of Appeals . . . the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from[.]" Tenn. R. App. P. 4(a) (2005). "In a civil action, if a timely motion under the Tennessee Rules of Civil Procedure is filed in the trial court by any party . . . under Rule 59.02 for a new trial . . . the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion." Tenn. R. App. P. 4(b) (2005). "The thirty-day time limit set out in Rule 4 is jurisdictional in civil cases." ***Binkley v. Medling***, 117 S.W.3d 252, 255 (Tenn. 2003).

Ms. Nichols did not file a notice of appeal in this case until well over thirty days after the probate court entered the order denying her "Motion for New Trial." Accordingly, this Court is without jurisdiction to entertain any of the issues presented by Ms. Nichols relating to the probate court's actions in disposing of the declaratory judgment action filed by Mr. Allen's Children.

We now turn our attention to the remaining issues presented by Ms. Nichols on appeal. Dissatisfied with the result she received in the probate court, Ms. Nichols filed a complaint against Mr. Allen's Children in the Chancery Court of Davidson County on December 31, 2003, just prior to the entry of the order by the probate court denying her "Motion for New Trial." In her complaint,

Ms. Nichols sought to have the probate of Mrs. Allen's holographic will set aside. Specifically, she asserted that Mr. Allen, Mr. Allen's Children, and their attorneys committed fraud (1) in procuring the probate of the wills by failing to disclose Mrs. Allen's ownership of the Goodlettsville Property and (2) in their attempt to probate Mrs. Allen's allegedly forged holographic will. Thereafter, the chancery court transferred the case to the probate court. The probate court ultimately entered an order dismissing Ms. Nichols's complaint on October 8, 2004, and Ms. Nichols filed her notice of appeal to this Court on October 13, 2004. Thus, this Court has jurisdiction to entertain those issues related to the dismissal of her complaint since she filed her appeal within the thirty day period allowed under the Tennessee Rules of Appellate Procedure. *See* Tenn. R. App. P. 4(a) (2005).

On appeal, Ms. Nichols raises numerous issues surrounding the disposition of her complaint against Mr. Allen's Children. However, we need only address two of these issues in order to properly dispose of this case:

1.      Did the chancery court err in transferring Ms. Nichols's complaint to the probate court; and
2.      Whether the probate court erred in dismissing her complaint once it had been transferred to the probate court.

For the following reasons, we affirm the probate court's decision to dismiss Ms. Nichols's complaint against Mr. Allen's Children.

"After a will has been admitted to probate, only a will contest can present any question of the validity of the will." 95 C.J.S. *Wills* § 497 (2001). The purpose for a will contest action can be stated as follows:

> The purpose of a will contest is to show that a testator was mentally incapable of entering into the will or that the will is not really the testator's last will and testament because it was procured by undue influence or fraud, such that the will should be declared void and the testator's estate should be administered under the laws of descent and distribution.

*Id.*; *see also In re Estate of Eden*, 99 S.W.3d 82, 87 (Tenn. Ct. App. 1995) (discussing the differences between a will contest action and a will construction action). The allegations set forth in Ms. Nichols's complaint clearly establish that it is an action to contest the validity of Mrs. Allen's holographic will. "It is well settled that such persons only as would be entitled to share in the real or personal estate of the deceased if there were no will, or if the will were set aside, are entitled to impeach its validity." *Gore v. Howard*, 30 S.W. 730, 731 (Tenn. 1894) (citation omitted). As a person entitled to share in Mrs. Allen's real property if her holographic will were declared invalid, Ms. Nichols was entitled to attempt to impeach the validity of the will by filing a will contest action.

"The probate and contest of wills are basically statutory rights and statutory proceedings, derived not from common law, but from the ecclesiastical courts of England." *Green v. Higdon*, 870 S.W.2d 513, 520 (Tenn. Ct. App. 1993); *see also* 95 C.J.S. Wills § 497 (2001) ("The right to contest a will is not a right existing at common law, but a right conferred solely by statute which affords the exclusive mode of setting aside a will."). Regarding an action to contest the validity of a probated will, the legislature provides as follows:

> If the validity of any last will or testament, written or nuncupative, is contested, *then the court having probate jurisdiction over such last will or testament* must enter an order sustaining or denying the contestant's right to contest the will. If the right to contest the will is sustained, then the court must:
> (1) Require the contestant to enter into bond, with surety, in the penal sum of five hundred dollars ($ 500), payable to the executor mentioned in the will, conditioned for the faithful prosecution of the suit, and in case of failure therein, to pay all costs that may accrue thereon; and
> (2) Cause a certificate of the contest and the original will to be filed with the appropriate court for trial.
> As used in this section, the term "the appropriate court for trial" means the court elected by the contestant, in the notice of contest, to conduct a trial upon the validity of the will.

Tenn. Code Ann. § 32-4-101 (2003) (emphasis added); *see also* 1 Jack W. Robinson, Sr. and Jeff Mobley, *Pritchard on the Law of Wills and Administration of Estates* § 368, at 562 (5th ed. 1994) ("The action is commenced by a complaint addressed to and filed in the probate court in which the will was admitted to probate.").

Based on the clear directive in section 32-4-101 of the Tennessee Code, Ms. Nichols initially filed her complaint in an incorrect court. *See* 95 C.J.S. Wills § 497 (2001) ("The statute [permitting an action to contest a will], being in derogation of common law, must be strictly construed, and a proceeding initiated under a governing statute must comply *exactly* with the requirements of that statute."). The Probate Court of Davidson County, pursuant to the private act promulgated by the legislature, was the court that probated Mrs. Allen's holographic will. Therefore, Ms. Nichols was required to file her complaint with the probate court and give the court the opportunity to sustain or deny her right to contest Mrs. Allen's holographic will. Rule 3.04 of the Davidson County Local Rules of Practice provides as follows:

> The Presiding Judge may transfer a case from one court to another or from one division to another. The Judges and Chancellors of the 20th Judicial District *may transfer cases among themselves by mutual consent except in cases of recusal. It is not necessary that the parties or their counsel consent to such a transfer.*

(emphasis added). Accordingly, we find that the chancery court did not err by transferring Ms. Nichols's complaint to the probate court.

Next, we examine whether the probate court erred in dismissing Ms. Nichols's complaint following the transfer. After Ms. Nichols filed her amended complaint in the probate court, Mr. Allen's Children filed a motion to dismiss pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure for failure to state a claim upon which relief could be granted, which the probate court subsequently granted. As counsel for Ms. Nichols conceded at oral argument, the correctness of the probate court's decision to dismiss her complaint is the crux of this appeal. When reviewing the correctness of a trial court's decision to dismiss a complaint pursuant to Rule 12.02(6), we employ the following standard of review:

> A Rule 12.02(6) motion tests the legal sufficiency of the plaintiff's complaint and not the strength of the plaintiff's evidence. *Riggs v. Burson*, 941 S.W.2d 44, 47 (Tenn. 1997). In ruling on such a motion, courts must construe the complaint in favor of the plaintiff, accept the allegations of fact as true, and deny the motion unless it appears that the plaintiff can establish no facts supporting the claim that would warrant relief. *Id.* When the trial court's grant of a Rule 12.02(6) motion to dismiss is appealed, we must take the factual allegations contained in the complaint as true and review the lower courts' legal conclusions *de novo* without a presumption of correctness. *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997).

***Doe v. Sundquist***, 2 S.W.3d 919, 922 (Tenn. 1999); ***see also In re Estate of Ramey***, No. E2003-00544-COA-R3-CV, 2004 Tenn. App. LEXIS 8, at *4–5 (Tenn. Ct. App. Jan. 8, 2004).

Actions to contest the validity of a probated will must also be filed within the time allowed by statute. ***See*** 1 Jack W. Robinson, Sr. and Jeff Mobley, *Pritchard on the Law of Wills and Administration of Estates* § 366, at 559 (5th ed. 1994). The legislature directs that actions to contest the validity of a probated will must comply with the following statute of limitations:

> All actions or proceedings to set aside the probate of any will, or petitions to certify such will for an issue of devisavit vel non, *must be brought within two (2) years from entry of the order admitting the will to probate, or be forever barred*, saving, however, to persons under the age of eighteen (18) years or of unsound mind, at the time the cause of action accrues, the rights conferred by § 28-1-106.[5]

---

[5] There is no indication in the record before this Court that Ms. Nichols suffered from any disability which would toll the running of the statute of limitations applicable to her will contest action.

Tenn. Code Ann. § 32-4-108 (emphasis added). As previously noted, the probate court entered an order admitting Mrs. Allen's holographic will to probate on April 14, 1999, and Ms. Nichols filed her complaint in the chancery court to contest the validity of the will on December 31, 2003.

Our resolution of this issue is governed by our supreme court's decision in *Phillips v. Phillips*, 526 S.W.2d 439 (Tenn. 1975). In *Phillips*, our supreme court was asked to decide whether an action to set aside the probate of a decedent's will was barred by the aforementioned statute of limitations. *Id.* at 439. The decedent died in 1965, and her will was probated that same year. *Id.* The decedent left her entire estate to one of her brothers. *Id.* In 1973, the brother died leaving his entire estate, including the property he acquired from his sister, to his wife. *Id.* In May of 1974, the decedent's other siblings filed an action against their deceased brother's wife, his executor, and his estate alleging that the probated will of their sister was a forgery. *Id.* The siblings alleged that, after the death of their brother, they inquired into the ownership of their sister's property and discovered that her will had been probated. *Id.* The siblings secured the services of a handwriting expert who opined that the signature on their sister's will was a forgery. *Id.*

Turning to the precursor of section 32-4-108 of the Tennessee Code,[6] the supreme court noted that the siblings' action to contest the validity of the decedent's will was filed well beyond the time statutorily allowed for filing such actions. *Id.* at 440. In resolving the issue presented for review, the supreme court held as follows:

> No exception is made where the probate of a will is sought to be set aside on the ground that the will is not the true will of the testatrix, with the allegation being that the will was a result of either fraud or forgery as is charged in this case.
>
> The present action was filed more than seven years after the will of [the decedent] was probated. Further, the record shows that none of the plaintiffs comes within the exception stated in T.C.A. 32-410 as each was of sound mind and was more than twenty-one years of age when the will was probated. The question is do they come within an exception implicit in T.C.A. 32-410?
>
> In considering general statutes of limitation, this court has recognized an exception not voiced in the statutes and which tolls the statute where, due to fraudulent concealment, a plaintiff is unaware of his cause of action. *Woodfolk v. Marley*, 98 Tenn. 467, 40 S.W. 479; *Porter's Lessee v. Cocke*, 7 Tenn. 29; *Shelby's Heirs v. Shelby*, 3 Tenn. 179. However, while fraudulent concealment of a cause of action will toll a general statute of limitations, *fraud in and of itself will not*.

---

[6] The precursor to section 32-4-108 of the Tennessee Code contained a seven (7) year statute of limitations. In 1985, the legislature changed the limitations period to two (2) years. *See* 1985 Tenn. Pub. Acts ch. 228, § 2.

"It is not the fraud, but its concealment by the party perpetrating it, unmixed with fault or negligence on the part of him who complains, which works this result." *Woodfolk v. Marley*, 98 Tenn. 467, 471, 40 S.W. 479, 480 (1896).

We know of no basic reason why the fraudulent concealment exception should not be applicable to the special statute of limitations voiced in T.C.A. 32-410. However, in this case no facts are alleged which would support a finding of fraudulent concealment. To the contrary, the record shows there was no concealment of the will of [the decedent] or of the signature on the will. The will was of public record for more than nine years before plaintiffs filed this action. Being of public record, the will was available at all times for examination by the plaintiffs or any handwriting expert chosen by them. The plaintiffs, however, elected not to make inquiry into the authenticity of the will until after the death of their brother . . . who was the principal beneficiary of the will of [the decedent]. By then, the seven year limitation on the bringing of actions to set aside the probate of a will had passed and plaintiffs' action was barred.

*Id.* (emphasis added).

As in *Phillips*, the record in the instant case is devoid of any evidence showing that Mr. Allen, Mr. Allen's Children, or their attorneys sought to conceal Mrs. Allen's holographic will. To the contrary, the will was admitted into probate in April of 1999 and remained a public record at all times thereafter. In fact, Ms. Nichols admitted in an affidavit filed with the probate court that she "did receive a copy of the aforesaid Will of [her] mother in 1999 while [she] was in the State Pen. [She] did not have any money to retain an attorney to contest the Will and at that time [she] did not realize [her] mother's Will had to be totally in her handwriting." Moreover, Ms. Swift, Mrs. Allen's sister and the principal witness Ms. Nichols now relies on to prove that the holographic will is a forgery, also submitted an affidavit stating that she "was previously sent a copy of the alleged Will of Ms. Allen as a part of the probate of her alleged Will in 1999 and at that time [she] did not realize that all of her Will had to be written totally in her own handwriting or printing and that is the reason [she] did not object to same in 1999." The justifications for the delay in bringing the action to contest the validity of Mrs. Allen's will put forth by Ms. Nichols and Ms. Swift do not warrant the application of the narrow exception for tolling the applicable statute of limitations enunciated by our supreme court in *Phillips*. Pursuant to the two (2) year limitations period set forth in section 32-4-108 of the Tennessee Code and our supreme court's holding in *Phillips*, we affirm the probate court's decision to dismiss Ms. Nichols's complaint.

Finally, Mr. Allen's Children ask this Court to award them damages pursuant to section 27-1-122, which provides as follows:

-14-

When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122 (2003). "Successful parties should not have to bear the cost and vexation of baseless appeals." *Jackson v. Aldridge*, 6 S.W.3d 501, 504 (Tenn. Ct. App. 1999) (citations omitted). An appeal is frivolous when it "has no reasonable chance of success," *Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977), or is "so utterly devoid of merit as to justify imposition of a penalty," *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978). The decision as to whether to award damages for the filing of a frivolous appeal lies solely within the discretion of this Court, *see Banks v. St. Francis Hosp.*, 697 S.W.2d 340, 343 (Tenn. 1985), and we exercise such discretion sparingly so as not to discourage legitimate appeals, *see Davis*, 546 S.W.2d at 586. A legitimate factual or legal dispute will preclude an award of damages for the filing of a frivolous appeal. *In re Estate of Filyaw*, No. 03A01-9810-PB-00360, 1999 Tenn. App. LEXIS 706, at *13 (Tenn. Ct. App. Oct. 18, 1999) (citing *Anderson v. Dean Truck Line, Inc.*, 682 S.W.2d 900, 902 (Tenn. 1984)). Conversely, failure to even cite to or argue for a justifiable extension of the law controlling the resolution of a given case is an indication that an appeal may be frivolous. *See Jackson*, 6 S.W.3d at 504 (citing *Wells v. Sentry Ins. Co.*, 834 S.W.2d 935, 938–39 (Tenn. 1992)).

In the instant case, Ms. Nichols attempts to argue that the allegations of fraud contained in her complaint constitute a distinct cause of action which allow her to proceed with her lawsuit against Mr. Allen's Children. Our supreme court has clearly stated that, "while fraudulent concealment of a cause of action will toll a general statute of limitations, *fraud in and of itself will not*." *Phillips v. Phillips*, 526 S.W.2d 439, 440 (Tenn. 1975) (emphasis added). Ms. Nichols fails to cite to or even attempt to distinguish the supreme court's decision in *Phillips* on appeal. Moreover, despite the probate court's reliance on the statute of limitations found in section 32-4-108 of the Tennessee Code when dismissing her complaint as untimely filed, Ms. Nichols fails to even cite to the statute in her brief or attempt to argue how the facts in the present case warrant a tolling of the statute. *See Davis*, 546 S.W.2d at 586 (finding an appeal to be frivolous where it presented no debatable question of law); *Taylor v. City of Chattanooga*, No. E2004-00701-COA-R3-CV, 2005 Tenn. App. LEXIS 16, at *5–6 (Tenn. Ct. App. Jan. 13, 2005) (awarding damages for a frivolous appeal when "there is compelling and well-settled case law adverse to appellant's positions"); *Sharp v. Allstate Ins. Co.*, No. 02A01-9204-CV-00107, 1992 Tenn. App. LEXIS 860, at *6–7 (Tenn. Ct. App. Oct. 16, 1992) (ruling that damages for frivolous appeal were warranted when the appellant failed to distinguish the controlling legal authority or cite to any authority modifying or overruling such authority). Instead, a majority of Ms. Nichols's arguments on appeal focus upon the correctness of the trial court's actions when adjudicating the declaratory judgment action filed by Mr. Allen's Children to construe Mrs. Allen's holographic will. The probate court found all of the evidence presented by Ms. Nichols in that proceeding to be lacking in credibility, and she never filed an appeal to this Court contesting the trial court's judgment in that case. We find that the arguments put forth

by Ms. Nichols in the instant appeal constitute nothing more than an attempt to re-litigate issues over which we have no jurisdiction or are barred by the applicable statute of limitations.

Accordingly, we find that Mr. Allen's Children are entitled to damages for Ms. Nichols's actions in filing a frivolous appeal. We remand this case to the trial court for the entry of an award of damages in favor of the Appellees pursuant to section 27-1-122 of the Tennessee Code.

### III.
#### CONCLUSION

For the foregoing reasons, we affirm the probate court's decision to dismiss the Appellant's complaint. Costs of this appeal are to be taxed to the Appellant, Vicki Nichols, and her surety, for which execution may issue if necessary. Moreover, we find this appeal to be frivolous. As such, we remand this case to the trial court for the entry of an award of damages to the Appellees.

_____
ALAN E. HIGHERS, JUDGE