# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs January 5, 2011

## JUDY DOTSON MCCONNELL, ET AL. v. PAT FULLER, ET AL.

### Appeal from the Chancery Court for Hamilton County
### No. 09-0751     W. Frank Brown, III, Chancellor

### No. E2010-00530-COA-R3-CV - Filed February 15, 2011

In September of 2009, Judy Dotson McConnell and Jerry Dotson ("Plaintiffs") sued Pat Fuller, John Fuller, and Lela Dotson Gravett ("Defendants") alleging, in relevant part, that the Last Will and Testament of Clarence E. Dotson, which was offered for probate in May of 2003, was a fraudulent will. Defendants filed a motion to dismiss for failure to state a claim upon which relief may be granted alleging that the statute of limitations barred Plaintiffs' claim. After a hearing, the Trial Court entered its order on February 16, 2010 finding and holding, *inter alia*, that Plaintiffs' lawsuit was not filed within the statute of limitations and that Plaintiffs failed to "allege facts which would bring into play fraudulent concealment," which would have tolled the statute of limitations. The Trial Court dismissed Plaintiffs' suit. Plaintiffs appeal to this Court. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and JOHN W. MCCLARTY, J., joined.

John C. Cavett, Jr., Chattanooga, Tennessee, for the appellants, Judy Dotson McConnell, and Jerry Dotson.

Whitney Durand, Chattanooga, Tennessee, for the appellees, Pat Fuller, John Fuller, and Lela Dotson Gravett.

# OPINION

## Background

Clarence E. Dotson ("Deceased") died in May of 2003. Defendants Pat Fuller and Lela Dotson Gravett are siblings of Deceased. Plaintiffs are Deceased's niece and nephew as they are the children of Vernon Dotson, a deceased sibling of Deceased. Pat Fuller and Lela Dotson Gravett produced the Last Will and Testament of Deceased and moved to have it admitted to probate. A probate estate was opened on May 21, 2003, and Letters Testamentary were issued appointing Pat Fuller and Lela Dotson Gravett as co-executors of Deceased's estate.

On September 23, 2009, Plaintiffs filed suit against Defendants alleging, in pertinent part:

6. It was well known among family members that Clarence E. Dotson did not have a will.

7. Sometime prior to his death, the defendants began meeting together to discuss the preparation of a fraudulent will for Clarence E. Dotson to be offered for probate upon his death so that his property would be transferred to them upon his death instead of to all of his heirs.

8. In furtherance of the scheme, defendant John Fuller went to the Hamilton County Courthouse and obtained copies of deeds to the real estate belonging to Clarence E. Dotson. He obtained a copy of a will. He brought these documents to his home and, with his wife defendant Pat Fuller present, asked their daughter, Karen Elsea, to use the copy of the will and hand write a will for Clarence E. Dotson specifying the parcels of real property identified in the deeds that defendant John Fuller had obtained. Karen Elsea acceded to her parents['] request and prepared a will containing the property descriptions from Clarence E. Dotson's property in her own handwriting.

9. Later defendant John Fuller obtained a form for a will. This form was used by the defendants to prepare a typewritten will for Clarence E. Dotson.

10. The defendants, or someone at their request, signed Clarence E. Dotson's name to the fraudulent will. It was then witnessed and notarized by friends and acquaintances of the defendants.

11.  After the death of Clarence E. Dotson, the will was offered for probate in the Probate Court of Hamilton County, Tennessee (In the Matter of the Estate of Clarence Edward Dotson, deceased, No. 03-P-262, Chancery Court of Hamilton County, Tennessee, Part II, Probate Division).  The will was offered to probate by the defendants with full knowledge that it was false and fraudulent.  In the will, defendants Pat Fuller and Lela Dotson Gravett were named as personal representatives of the estate and as the primary beneficiaries.

12.  Shortly following the death of Clarence E. Dotson, defendants Pat Dotson [sic] and Lela Dotson Gravett, accompanied by defendant Pat Dotson's [sic] daughter, Karen Elsea, went to the home of Clarence E. Dotson, found a large amount of cash hidden under the floor in Mr. Dotson's bedroom, and removed it.  It is believed that the cash may have totaled one million dollars.  It was split between the defendants Pat Fuller and Lela Dotson Gravett.

13.  The defendants have taken possession and control of the real property, antiques, and personal property of Clarence E. Dotson.

14.  The defendants' actions constitute fraud and fraudulent misrepresentation.

Defendants answered Plaintiffs' complaint raising, in part, the affirmative defense that the statute of limitations had run on Plaintiffs' claims.  Defendants also filed a motion to dismiss under Tenn. R. Civ. P. 12.02(6) for failure to state a claim upon which relief can be granted.

After a hearing, the Trial Court entered its order on February 16, 2010 finding and holding, *inter alia*:

However, the Plaintiffs alleged that it was well known the Decedent did not have a will.  The Plaintiffs made this allegation and knew of the Decedent's death.  If it was known that Mr. Dotson did not have a will, then the Plaintiffs should have inquired about their inheritance.  The *Phillips* decision, by the Tennessee Supreme Court, held that fraud does not toll the statute of limitations.  The Supreme Court stated that there was no concealment of the will nor the signature on the will because such was of public record.  The same is true in the case at bar.  The will in dispute could have been discovered by checking the Probate Court's records for any

administration of Mr. Dotson's estate. The discovery of a right of action for the Plaintiffs was easily discoverable by a review of the public records.

It appears to the court that the General Assembly, by shortening the statute of limitations from seven (7) years to two (2) years, wanted to shorten the period of uncertainty between a person's death and the contesting of wills. It was more than six (6) years between the decedent's death and the filing of this lawsuit. The Plaintiffs have not been successful in using either the discovery rule or the fraudulent concealment to escape the two year statute of limitations applicable to this case. Indeed, the Plaintiffs did not allege facts which would bring into play fraudulent concealment.

The February 16, 2010 order dismissed Plaintiffs' claims. Plaintiffs appeal to this Court.

## Discussion

Although not stated exactly as such, Plaintiffs raise one issue on appeal: whether the Trial Court erred in dismissing their claims.

Our standard of review as to the granting of a motion to dismiss is set out in *Stein v. Davidson Hotel Co.*, in which our Supreme Court explained:

A Rule 12.02(6), Tenn. R. Civ. P., motion to dismiss for failure to state a claim upon which relief can be granted tests only the legal sufficiency of the complaint, not the strength of a plaintiff's proof. Such a motion admits the truth of all relevant and material averments contained in the complaint, but asserts that such facts do not constitute a cause of action. In considering a motion to dismiss, courts should construe the complaint liberally in favor of the plaintiff, taking all allegations of fact as true, and deny the motion unless it appears that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994). In considering this appeal from the trial court's grant of the defendant's motion to dismiss, we take all allegations of fact in the plaintiff's complaint as true, and review the lower courts' legal conclusions *de novo* with no presumption of correctness. Tenn. R. App. P. 13(d); *Owens v. Truckstops of America*, 915 S.W.2d 420, 424 (Tenn. 1996); *Cook, supra.*

*Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997). "[M]atters outside the pleadings should not be considered in deciding whether to grant [a motion to dismiss.]" *Trau-Med of America, Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002).

The statute of limitations applicable to this case is found in Tenn. Code Ann. § 32-4-108, which provides:

> **32-4-108. Statute of limitations.** – All actions or proceedings to set aside the probate of any will, or petitions to certify a will for an issue of devisavit vel non, must be brought within two (2) years from entry of the order admitting the will to probate, or be forever barred, saving, however, to persons under the age of eighteen (18) years or of unsound mind, at the time the cause of action accrues, the rights conferred by § 28-1-106.

Tenn. Code Ann. § 32-4-108 (2007).

The probate estate at issue in the instant case was opened in May of 2003 and the Order of Probate as to this Will was entered on May 29, 2003 *nunc pro tunc* to May 21, 2003. Plaintiffs did not file this lawsuit until September of 2009, which is clearly well beyond the two year statute of limitations contained in Tenn. Code Ann. § 32-4 -108. Plaintiffs have not alleged that they were under the age of eighteen or of unsound mind at the time the cause of action accrued in this case. Plaintiffs do, however, claim that the statute of limitations was tolled due to fraudulent concealment by Defendants.

Our Supreme Court answered the question of whether fraudulent concealment could toll the statute of limitations contained in Tenn. Code Ann. § 32-410, the predecessor to Tenn. Code Ann. § 32-4-108, in *Phillips v. Phillips* stating:

> In considering general statutes of limitation, this court has recognized an exception not voiced in the statutes and which tolls the statute where, due to fraudulent concealment, a plaintiff is unaware of his cause of action. *Woodfolk v. Marley*, 98 Tenn. 467, 40 S.W. 479; *Porter's Lessee v. Cocke*, 7 Tenn. 30; *Shelby's Heirs v. Shelby*, 3 Tenn. 179. However, while fraudulent concealment of a cause of action will toll a general statute of limitations, fraud in and of itself will not.

> "It is not the fraud, but its concealment by the party perpetrating it, unmixed with fault or negligence on the part of him who complains, which works this result." *Woodfolk v. Marley*, 98 Tenn. 467, 471, 40 S.W. 479, 480 (1896).

> We know of no basic reason why the fraudulent concealment exception should not be applicable to the special statute of limitations voiced in T.C.A. 32-410.

*Phillips v. Phillips*, 526 S.W.2d 439, 440 (Tenn. 1975). The *Phillips* Court found and held:

> However, in this case no facts are alleged which would support a finding of fraudulent concealment. To the contrary, the record shows there was no concealment of the will of Mabel May Phillips or of the signature on the will. The will was of public record for more than nine years before plaintiffs filed this action. Being of public record, the will was available at all times for examination by the plaintiffs or any handwriting expert chosen by them. The plaintiffs, however, elected not to make inquiry into the authenticity of the will until after the death of their brother, E. T. Phillips, who was the principal beneficiary of the will of Mabel May Phillips. By then, the seven year limitation on the bringing of actions to set aside the probate of a will had passed and plaintiffs' action was barred.

*Id.*[1]

Our Supreme Court recently revisited the issue, and the language contained in *Phillips,* stating:

> [E]ven if the language in *Phillips* technically qualifies as dicta, the case has persuasive value and, more importantly, is entirely consistent with the established law of this state. It is well-settled in Tennessee that statutes of limitations may be tolled for a period of time where the defendant has taken actions to fraudulently conceal a cause of action.

*In re: Estate of Mary Reeves Davis*, 308 S.W.3d 832, 841 (Tenn. 2010). The *Estate of Davis* Court also reiterated: "The fraud, standing alone, does not toll the statute of limitations; it is the concealment of the fraud that tolls the procedural bar." *Id.* at 842.

In the case now before us on appeal, Plaintiffs argue that *Phillips* is distinguishable from the instant case because *Phillips* involved a motion for summary judgment wherein the plaintiffs had an opportunity to present proof, and the instant case involves a motion to dismiss. Plaintiffs are mistaken that this distinction means the Trial Court erred in granting the Motion to Dismiss.

In *In re: Estate of Ilene S. Ramey*, this Court dealt with the issue of whether the trial court had erred in dismissing the plaintiffs' claims upon a motion to dismiss in a case

---

[1]As noted earlier in this Opinion, the statute has changed since the *Phillips* Opinion was written, and the limitation now is two years, not seven.

with facts similar to those alleged in *Phillips*. *In re: Estate of Ilene S. Ramey*, No. E2003-00544-COA-R3-CV, 2004 Tenn. App. LEXIS 8 (Tenn. Ct. App. Jan. 8, 2004), *no appl. perm. appeal filed*. Although the facts in *Estate of Ramey* differed slightly from the facts in *Phillips*, this Court applied the same reasoning used by our Supreme Court in *Phillips* stating:

> Although the facts in the *Phillips* case are slightly different from those here, in that the will in *Phillips* was alleged to be a forgery and the will in this case is alleged to be invalid due to a lack of attesting witnesses, we find *Phillips* to be controlling and indistinguishable. We agree with the Trial Court that the complaint sets forth no facts which would support an allegation of fraudulent concealment. Similar to *Phillips*, the will in the present case was of public record for more than two years following its admission, as were the affidavits containing the signatures allegedly fraudulently obtained. There is no allegation that the Defendant concealed anything subsequent to the time the will was admitted to probate, which is the event triggering the beginning of the limitations period.

*In re: Estate of Ilene S. Ramey*, 2004 Tenn. App. LEXIS at **7-8. Plaintiffs' argument that this case should be distinguished from *Phillips* solely because this case involves a motion to dismiss is without merit.

Plaintiffs also argue that the Trial Court acknowledged that Plaintiffs should have been listed in the probate petition but were not, and that this fact shows evidence of fraudulent concealment. Importantly, however, Plaintiffs never alleged this fact in their complaint, and never took steps to amend their complaint to add this alleged evidence. Instead, Plaintiffs' complaint alleges that "[i]t was well known among family members that Clarence E. Dotson did not have a will," and that "[a]fter the death of Clarence E. Dotson, the will was offered for probate in the Probate Court of Hamilton County, Tennessee …." These facts as alleged by Plaintiffs, assuming they are true, as we must, were sufficient to put Plaintiffs on notice that they ought to make further inquiry into the matter. As such, these facts show that Plaintiffs were *not* unaware of their potential cause of action due to fraudulent concealment. Furthermore, and even more importantly, our Supreme Court has clearly instructed that "matters outside the pleadings should not be considered in deciding whether to grant [a motion to dismiss]," and the fact that Plaintiffs were not listed on the probate petition is a matter outside of the pleadings in this case. *Trau-Med of America, Inc.*, 71 S.W.3d at 696.

Construing Plaintiffs' complaint liberally in favor of Plaintiffs and taking all allegations of fact as true, as the Trial Court did and as we must, we find that although

Plaintiffs alleged fraud, they failed to allege fraudulent concealment. Fraud alone, however, will not toll the statute of limitations. *In re: Estate of Mary Reeves Davis*, 308 S.W.3d at 842. Plaintiffs failed to allege fraudulent concealment, and, further, took no steps to amend their complaint even after Defendants raised the affirmative defense of the statute of limitations. The statute of limitations expired prior to the filing of Plaintiffs' complaint. Plaintiffs failed to allege fraudulent concealment or any other facts which would toll the statute of limitations. We, therefore, find no error in the Trial Court's February 16, 2010 order dismissing Plaintiffs' complaint.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellants, Judy Dotson McConnell, and Jerry Dotson, and their surety.

_____
D. MICHAEL SWINEY, JUDGE